## WHEATLEY v. BENSON.    (No. 7480.) *

(Court of Civil Appeals of Texas. San Antonio. Jan. 13, 1926. Rehearing Denied Feb. 3, 1926.)

1. Damages ⟜140—Verdict of $3,000, based on loss of profits, held not excessive.

In action for breach of contract employing plaintiff to dig three oil wells at $1.75 per lineal foot, a verdict of $3,000, based on loss of profits, held not excessive.

2. Evidence ⟜108—Testimony as to reason for defendant's refusing to proceed under the contract held admissible.

In action for breach of contract to employ plaintiff to dig oil wells, testimony that defendant refused to proceed under the contract, because a suit on a previous contract between the parties had not been dismissed, was admissible as disclosing defendant's attitude.

3. Trial ⟜85—Objections to whole of testimony, part of which was admissible, held properly overruled.

Where part of testimony was admissible, objections to the whole of it not confined to inadmissible parts were properly overruled.

4. Appeal and error ⟜728(2)—Review restricted to evidence set out in assignment of error.

Review on appeal must be restricted to evidence set out in assignment of error, complaining of admission of evidence.

Appeal from District Court, Webb County; J. F. Mullaly, Judge.

Action by T. G. Benson against C. A. Wheatley. Judgment for plaintiff, and defendant appeals. Affirmed.

S. T. Phelps, of Laredo, Hicks, Hicks, Dickson & Bobbitt, of San Antonio, and R. D. Wright, of Laredo, for appellant.

Pope, Pope & Pope and Mann, Neel & Mann, all of Laredo, for appellee.

SMITH, J. In November, 1924, appellant, Wheatley, entered into a contract with appellee, Benson, by the terms of which he employed the latter to drill three oil wells in the Mirando field in Webb county, at a stipulated price of $1.75 per lineal foot. Subsequently Benson brought this action against Wheatley, alleging that he breached the contract by refusing to permit Benson to perform thereunder, thus damaging the latter to the extent of the profit he would have realized in the transaction. Benson recovered judgment for $3,000, in response to jury finding, and Wheatley has appealed.

Appellant submits two propositions which were not urged in the court below, and which he contends are fundamental and entitled to consideration as such from this court.

The first of these propositions is that the petition of the plaintiff below did not state a cause of action because it appears therefrom that under the contract pleaded it was optional with Wheatley as to whether or not he would give Benson the work therein provided for; in other words, that the contract was unilateral, and therefore unenforceable. It is doubtful if the question raised is fundamental in character, or warrants presentation for the first time on appeal; but we have nevertheless considered the proposition, and

overrule it. We think the petition stated a cause of action. For a like reason the second fundamental proposition is overruled.

Appellant's first and second supported propositions are also overruled. In these it is contended that there was no evidence to support the first and second findings of the jury, to the effect that appellee did not refuse to do the work required of him under the contract, and that appellant refused to permit him to do that work. It is urged that the evidence shows that appellee did not "tender performance" of the obligations imposed upon him by the terms of the contract, and that, as such tender was requisite to excuse him from performance, in the absence of a showing that appellant renunciated the contract, he could not recover. There was evidence—scant, it is true, but sufficient to go to the jury—that appellee was ready, able, and willing to do the work, and offered to do it, but that appellant refused to permit him to proceed, thus preventing performance.

[1] In his third proposition, appellant complains that the verdict is excessive, but we do not find it to be manifestly so from the record, and the proposition is overruled.

[2, 3] Appellant's fourth and last proposition is predicated upon his seventh assignment of error, to which the proposition must be restricted in its operation, and in which complaint is made of the admission of the testimony of appellee, as a witness that appellant "could not give him the work because of a certain suit upon a previous contract between plaintiff and defendant had not been dismissed; said previous contract being a contract to drill four wells for the defendant." It appears from appellee's testimony that appellant, in a conversation with the witness, refused to proceed under the contract, giving as a reason therefor that the case above mentioned had not been "dismissed against him." It was in this connection that the above-quoted testimony was given over appellant's objection that it was irrelevant, immaterial, and prejudicial to appellant's rights. We think that the testimony set out in the assignment, or at least so much of it as purported to show the reason given by appellant for refusing to proceed under the contract, was clearly admissible as disclosing appellant's attitude. The objection seems to have been urged to the whole of the quoted testimony, without separating that which was clearly admissible from the remainder, the admissibility of which need not be here decided. Since part of the evidence was admissible, and the objections were not confined to any particular part, but went to the whole of it, the objections were properly overruled.

[4] The bill of exceptions disclosing this transaction shows some evidence which appears to have been unquestionably objectionable, but the complaint made here must be restricted to the evidence set out in the assignment of error, and even there the inadmissible testimony must appear to have been segregated from the admissible, and objected to as thus segregated. For a trial court will not exclude testimony which is admissible in order to reject that which is inadmissible; and the burden of segregating the good from the bad is upon the complaining party, when he presents his objections.

The judgment is affirmed.