**FARMERS' STATE BANK OF MINEOLA et al. v. MINCHER. (No. 747–4342.)**

(Commission of Appeals of Texas, Section A. Feb. 9, 1927.)

**1. Contracts ⬳10(1)—Provision that deposit draws interest if left in bank twelve months is not void for lack of mutuality.**

A provision, in a contract of deposit, that the deposit is to draw interest only if left in the bank for twelve months, is not void for lack of mutuality, because the depositor is not bound by a corresponding duty to leave the deposit for that time.

**2. Contracts ⬳65(2)—Where principal contract is supported by good consideration, same consideration supports subsidiary promise, although promisee has no corresponding subsidiary obligation.**

A promise subsidiary to the principal contract is supported by the same consideration, and the fact that it is not also supported by a corresponding obligation on the part of the promisee is of no importance.

**3. Banks and banking ⬳15—As respects Bank Depositors' Guaranty Law, where deposit draws interest if left twelve months, issuing deposit certificate fixes bank's obligation, subject to discharge if deposit is withdrawn within year (Vernon's Sayles' Ann. Civ. St. 1914, art. 486).**

As respects Bank Depositors' Guaranty Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 486), where a certificate of deposit provides that the deposit will draw interest only if left in bank for twelve months, the issuing of the certificate fixes the obligation of the bank at once, contingent, however, on the deposit being left in the bank as per contract.

**4. Banks and banking ⬳15—Deposit drawing interest only if left twelve months is one on which interest is "contracted to be paid," and not within protection of statute (Bank Depositors' Guaranty Law [Vernon's Sayles' Ann. Civ. St. 1914, art. 486]).**

A deposit which is to draw interest only if left in the bank for twelve months is one on which interest is "contracted to be paid," and hence is not specially protected under the Bank Depositors' Guaranty Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 486) on bank's insolvency.

**5. Banks and banking ⬳15—Deposit bearing interest if left twelve months is not made noninterest bearing, under statute's protection by attempted withdrawal within 12 months (Bank Depositors' Guaranty Law [Vernon's Sayles' Ann. Civ. St. 1914, art. 486]).**

Where payment of a deposit, bearing interest only if left in the bank for twelve months, is demanded within 12 months, and interest waived, the bank's obligation becomes a debt bearing interest, and the depositor does not gain protection under the Bank Depositors' Guaranty Law (Vernon's Sayles' Ann. Civ. St. 1914, art. 486) on bank's insolvency.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by Mrs. M. A. Mincher against the Farmers' State Bank of Mineola and another. Judgment of the Court of Civil Appeals (267 S. W. 996) affirming a judgment in favor of plaintiff, and defendants bring error. Reversed and rendered.

Bozeman & Cathey, of Quitman, and E. A. Tharp, of Mineola, for plaintiffs in error.

Bumpass & Wade, of Terrell, for defendant in error.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HARVEY, P. J. This suit was brought by Mrs. M. A. Mincher, defendant in error, against plaintiffs in error, the Farmers' State Bank of Mineola, Tex., and J. L. Chapman, commissioner of banking of the state of Texas, to establish as a general deposit, secured by and payable out of the depositors' guaranty fund, a claim of $2,000, represented by a certificate of deposit issued by said bank to her on February 11, 1922. The bank failed on January 8, 1923, and was taken over by the banking commissioner in his official capacity.

On February 11, 1922, Mrs. Mincher deposited in said bank the sum of $2,000, and received a certificate of deposit therefor, reading as follows:

"The Farmers' State Bank of Mineola, Texas.
"2/11/1922.        No. 61.        $2,000.00.
"Mrs. M. A. Mincher has deposited in this bank the sum of $2,000 and 00 cents payable to the order of herself in current funds on return of this certificate properly indorsed. Interest 4% per annum if left twelve months; interest to cease one year from date.
"[Signed]   R. D. Daniel, Cashier."

The plaintiffs in error resist payment of Mrs. Mincher's claim from the depositors' guaranty fund on the ground that same is interest-bearing within the meaning of article 486, c. 5, of the Bank Depositors' Guaranty Law (Vernon's Sayles Ann. Civil Statutes 1914), which, in part, reads as follows:

"The depositors of said bank * * * as specified in article 448, shall be paid in full out of the cash in said bank * * * that can be made immediately available from such bank; and the remainder shall be paid out of the depositors' guaranty fund through the said board, in the event the cash available in said institution shall be insufficient; provided, that deposits upon which interest is being paid, or contracted to be paid, directly or indirectly by said bank, * * * to the depositor * * * shall not be insured under this chapter."

In July, 1922, and again about October 1st of the same year, Mrs. Mincher duly demanded payment of said certificate of deposit from the bank, and expressly waived the interest feature of the contract, both of which demands were refused by the bank. At the time of each of such demands, the bank was solvent, and a suspension of the bank was not impending or in contemplation. Mrs. Mincher did not file suit for her money or make any further demand therefor until after the bank failed in January, 1923.

[1, 2] The defendant in error contends that the provision contained in the certificate of deposit, whereby the bank promises to pay interest on the deposit if left twelve months, is not a binding contract, for the reason that Mrs. Mincher is not bound by a corresponding obligation to leave the deposit in the bank for twelve months. She contends that such interest provision is invalid for lack of mutuality.

The contract of deposit is the principal contract, and is supported by a valuable consideration moving between the parties, and the provision relating to interest is subsidiary to the principal contract, and is supported by the same consideration. When a promise is thus supported by a valuable consideration, the fact that the promise is not also supported by a corresponding obligation on the part of the promisee becomes of no importance. In such case, the promise constitutes a binding obligation on the promisor.

[3] The obligation of the bank to pay interest on the deposit if left twelve months became fixed when the certificate was issued. The contingency, upon which such payment depended, however, was subject to be destroyed, and performance of the obligation avoided, by the withdrawal of the deposit by Mrs. Mincher before the time for performance arrived. In such event the obligation would become discharged and of no further force; but, until such obligation of the bank was so discharged, the deposit bore interest which was to become payable on the contingency that the deposit were left twelve months. If the bank had remained in business and the deposit were left with it by Mrs. Mincher for twelve months, the bank would have been compelled, under its obligation, to make payment of the interest which the deposit had earned during such period.

[4] We therefore are of opinion that such deposit, at its origin, became one upon which interest was contracted to be paid, within the meaning of the statute.

[5] Whether the deposit continued to be an interest-bearing deposit, within the purview of the statute, until the bank failed in the following January, remains to be noticed.

Granting that Mrs. Mincher repudiated the interest obligation in her contract of deposit by making demand for payment of the deposit, it would appear that, by virtue of such demand for payment and the refusal of the bank to pay her deposit to her, said amount became a debt by the bank to her, and did not become a noninterest-bearing deposit in the sense contemplated by the Guaranty Fund Law. After demand it continued to be interest-bearing as a debt, and was not subject to the protection of the guaranty fund. In its inception it was interest-bearing, and it never lost its character in that respect. At no time did it become a deposit under the protection of the guaranty fund, and the fact that Mrs. Mincher demanded payment and resolved the question of interest under the contract of deposit did not convert the claim or amount into a noninterest-bearing deposit. Mrs. Mincher had a legal right to claim and to receive interest on the amount of money she had in the bank, whether it be classed as a debt or a deposit, and it never at any time acquired the status or character of a

noninterest-bearing deposit as contemplated by the statute. If at its inception the deposit had been noninterest-bearing, and payment had been refused by the bank, thereby giving her a right thereafter to claim interest upon it, a different question would be presented.

The trial court rendered judgment establishing Mrs. Mincher's claim to payment of said deposit from the depositors' guaranty fund, and the Court of Civil Appeals affirmed that judgment. Both the judgment of the trial court and that of the Court of Civil Appeals should be reversed, and judgment here rendered denying payment of said deposit from the depositors' guaranty fund, for the reasons hereinabove set out.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for plaintiffs in error, as recommended by the Commission of Appeals.