## BAKER et al. v. POWELL et ux.

### No. 4753.

Court of Civil Appeals of Texas. Amarillo.
April 26, 1937.

Ayres & Ayres, of Floydada, for appellants.

Kenneth Bain, of Floydada, for appellees.

STOKES, Justice.

This suit was instituted by appellees, Owen C. Powell and wife, in the district court of Floyd county, against appellants, Artie Baker and the First National Bank of Lockney, to cancel a note in the sum of $2,000 and a mechanic's lien contract creating a lien on 280.95 acres of land in Lubbock county owned by appellees and occupied by them as their homestead. The note and lien were executed by appellees to appellant Artie Baker, and represented the purchase price of an irrigation plant to be installed on the land by Baker. The pumping equipment was guaranteed for a period of one year against defects and as to workmanship, and the contract contained a provision that, in the event sufficient water was not produced, the equipment could be returned to Baker and the note credited with its value, less a charge of 10 per cent. for its use in testing.

Appellees alleged that, after several trials and efforts to install the equipment, Baker had failed to comply with the contract to furnish them with a plant that would do the work contemplated; that the machinery was not such as was called for by the contract and would not do the work, but would bind in the pipes and the bearings, and other portions would wear out so soon as to make the entire plant worthless, and prayed for cancellation of the note and lien contract and removal of the cloud cast upon the title to the land by the same.

Appellants answered by alleging that the well was to be drilled by appellees and that the driller selected and employed by appellees to drill the same had not drilled a straight hole; that, when it was discovered the well was crooked, Baker offered to again install the pump and pipes and cut off a portion of the suction pipe which would have relieved the entire trouble, although the well was not a straight hole. They alleged that this offer was refused by appellees, who ordered the entire equipment removed and declined to further proceed or permit appellant Baker to further proceed with the enterprise. They prayed for judgment against appellee Owen C. Powell for the balance due on the note after allowing credit for the value of the machinery and equipment returned, and for foreclosure of the mechanic's lien and a deed of trust and chattel mortgage that had been given by appellees as additional security.

The case was tried before a jury and, after both sides had closed their testimony, the trial court, in response to a motion by appellees, instructed the jury to return a verdict for the appellees, which was done, and judgment entered granting to appellees the relief prayed for and denying appellants any relief upon their cross-action for foreclosure, which action of the court is assigned as error.

The trial court was of the opinion that the written contract was not ambiguous and that it bound appellant Baker to drill the well as effectively as it bound him to install the machinery and equipment necessary to furnish appellees with a complete irrigation system. It was undisputed that the well was not properly drilled and that it was not straight. The last thirty feet or more was at an angle different from the upper portion, and the record justifies the conclusion that, if it had not been for the bend or crook in the well, the machinery, pumps and equipment would have done satisfactory work. The question as to whose responsibility it was to have the well drilled naturally presents itself as being important, and we think it is the controlling question in so far as this appeal is concerned since, if, under the written con-

tract, that responsibility rested upon the appellant Baker and the drilling of the well was a portion of the work and material which he was to furnish to appellees and was included in his guaranty as to the efficiency of the irrigation system which he was to furnish them, it follows as a necessary conclusion that appellants are not entitled to recover on their cross-action, but that appellees are entitled to have the note and liens canceled and the cloud upon their title removed. And, if the written contract were not ambiguous in that respect, the trial court was correct in giving the peremptory instruction and directing a verdict for the appellees. On the other hand, if the written contract is ambiguous in fixing the responsibility for the drilling of the well, then a question of fact as to its meaning was presented, which should have been submitted to the jury for their determination. Silvers Box · Corporation v. Stone & Co. (Tex.Civ.App.) 248 S.W. 1104.

The fifth clause of the contract is as follows: "It is agreed that the specifications and price for the drilling of the well shall be as agreed with the driller, selected by purchaser, yet subject to approval of contractor."

Another clause of the contract reads as follows: "Said improvements consisting of digging an irrigation well and furnishing of sufficient casing for same, one Peerless pump, one geared head and motor and other equipment necessary for completion of said improvements, all to be installed."

These are the only provisions found in the contract pertaining to the drilling of the well. The clause first quoted is, we think, incapable of clear construction. Whether the approval of the contractor refers to the specifications and price to be charged for the drilling, or refers to the driller and thereby lays upon appellant Baker the responsibility for the driller's work, is certainly not clear. Furthermore, the responsibility of making the drilling contract with the driller is not placed upon any one. Baker testified that it was understood between him and Powell before the drilling operations began that Powell would select the driller, make the contract for the drilling of the well, and supervise and be responsible for the same. He said that Powell did not have the money to pay

for the drilling and, at Powell's request, the expense of drilling the well was paid by Baker and included in the $2,000 note. He said that this was merely for the accommodation of Powell, and that he (Baker) was not in any sense responsible for the drilling operations nor for the condition of the well after the drilling was completed. On the other hand, Powell testified that Baker was to furnish the entire equipment, including the well. Neither of these conclusions can be deduced from the contract.

The clause last quoted is likewise incapable of either construction, and from it no conclusion can be reached as to who was responsible for making the drilling contract and for the drilling of the well. It is consistent with the contention of either the appellant Baker or the appellee, and we think the contract is ambiguous in this respect.

█ If the contract is not clear and is subject to more than one construction, it was the duty of the court to submit that matter to the jury for their determination upon the testimony as produced by the parties. The manner in which they construed it would be important if the testimony revealed acts on their part from which their construction could be deduced. The situation of the parties and other matters pertaining to the execution of the contract and its performance that are admissible under the rules of evidence are proper matters to be taken into consideration by the jury in determining the intention of the parties in inserting in the contract the provisions with reference to the material, the equipment, labor, etc., that were to be furnished by the contractor, Baker, and the responsibility to be assumed by appellee Powell. The record is silent as to who made the drilling contract with the driller, and it is not clear as to who, if any one, supervised the drilling of the well. These are proper matters to be included in the evidence, and from them the jury should determine the question of responsibility for the drilling of the well, which is the controlling question insofar as this appeal is concerned.

We think the court erred in giving the peremptory instruction, and the judgment is therefore reversed and the cause remanded.