**PURE FOODS PRODUCTS, Inc., et al. v. GIBSON et ux.**

No. 10301.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1938.

Rehearing Denied July 13, 1938.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellants.

Hayden C. Covington, of San Antonio, for appellees.

SLATTON, Justice.

Gordon M. Gibson and wife instituted this action in the 57th District Court of Bexar County, against Pure Foods Prod-

ucts, Inc., and W. D. Walker, to recover damages for injuries alleged to have resulted from an accident upon the highway. Gibson and wife were traveling in their car toward San Antonio and collided with a truck belonging to Pure Foods Products, Inc., which had been overturned upon said highway.

Special issues were submitted to a jury and upon favorable answers judgment was rendered in favor of the Gibsons against Pure Foods Products, Inc.; hence this appeal.

The first proposition complains of the action of the trial court in the admission of certain evidence over the objections of appellant. The evidence objected to, as disclosed by appellant's brief, is as follows:

"A. At the site where she was bruised on her breast. That will have to be watched closely; if it gives trouble, it will have to be taken out and examined under the microscope to see whether or not it is a cancer, because that is a bruise, and any injury to the breast, if it does cause a tumor there or a mass lump, is a potential cancer. Of course, I can't say that it will be a cancer, I can't say that it won't.

"Q. It is something—

"Counsel for appellant: We object to that testimony as delving into surmises and speculations, and we ask that it be stricken out.

"Counsel for appellees: I don't think it is speculation.

"The Court: I will overrule the objection.

"Counsel for appellant: We except.

"Q. Just tell the jury what you think about it. A. Well, we know that that is one of the chief causes of cancer of the breast. Now, I can't say that it will be a cancer at all; it will have to be watched."

"A. She will have to be seen about once a month for the next year, to watch this lump in her breast, because if it does occur she will have to be operated, the lump taken out and examined,—in other words, an operation, and that will cost anywhere from $100.00 to $300.00, depending upon what they find.

"Counsel for appellant: We object to that as speculation, your Honor.

"Q. Will the fee that you have stated there—

"Counsel for appellant (interrupting): We would like to have a ruling of the Court.

"The Court: What is there before the Court?

"Counsel for appellant: I object to the testimony on the ground that it is speculative, your Honor, and not responsive to the question.

"The Court: I overrule the objections.

"Counsel for appellant: We except."

"Q. Doctor, in your opinion, are such fees reasonable and necessary for such treatment in the future? A. Yes, sir.

"Q. Reasonable, and may be reasonable and necessary? A. Yes, Sir.

"Counsel for appellant: May we have a bill on all of that without the necessity of repeating our objection each time?

"The Court: You had better repeat the objection.

"Counsel for appellant: We object to that answer on the ground that it is speculative, calls for speculation and surmise.

"The Court: The Court will overrule the objections.

"Counsel for appellant: We except.

"Q. Now, Doctor, in connection with that, I will ask if it possible for one to sustain an injury to the ligaments or muscles of the chest that do not show up in the X-ray or fluoroscope? A. Yes.

"Counsel for appellant: We object to that as also speculative and delving into mere possibilities.

"The Court: The Court will overrule the objections.

"Counsel for appellant: We except."

Another witness gave the following expert testimony:

"A. That is the way epilepsy could begin, or insanity.

"Counsel for appellant: Note that we object, renew the objection that we made yesterday, that it is a surmise and entering the field of speculation—

"Q. Doctor, could you say that might result in reasonable possibility?"

"Counsel for appellant:—and we ask the Court to instruct the jury not to consider it.

"A. Well, it could result.

"Counsel for appellant: We object to that for the same reason.

"The Court: The Court will overrule the objection.

"Counsel for appellant: We except."

"A. Well, I hardly think so. It must be watched; we believe that an injury to a

breast is something that could become dangerous, lots of cancers of the breast are—

"Counsel for appellant (interrupting): The same objection we made yesterday.

"The Court: The Court will overrule the objection.

"Counsel for appellant: We except."

 Appellees insist that the proposition as presented by the appellant is duplicitous and under the rules should not be considered by us. There may be merit to this contention, but under our views it will not be necessary to so determine. Directing our attention to the first evidence quoted above, it is clear that a part of the answer was admissible and the motion to strike being directed to the answer as a whole, a part of which was admissible, there was no error of the court in not sustaining it. Wheatley v. Benson, Tex.Civ. App., 279 S.W. 911. Having reference to the subsequent questions and answers, it appears that the questions had been asked and the answers given before the jury prior to the objections being made. In the absence of a motion to strike the appellant is in no position to complain. S. H. Kress & Co. v. Brashier, Tex.Civ.App., 50 S.W.2d 922, 923.

These observations are true with reference to the testimony given by the expert witness last quoted above. There is also in the record testimony to the same effect as that quoted, which was admitted without any objection on the part of appellant. Sanger Bros. v. Craddock, Tex.Sup., 2 S.W. 196.

The record further shows that appellees were limited in their recovery of doctor's, hospital and medical fees, which were proven without dispute. It is further shown by the record that the amount of damages found by the jury to have been sustained by the appellees is relatively small when viewed in the light of the seriousness of such injuries.

The appellees assert that the apellant is not entitled to complain of objectionable testimony which goes to the amount of damages recovered, in the absence of an attack on the verdict being excessive. We do not believe that to be the rule in this State. American Produce Company v. Gonzales, 1 S.W.2d 602, opinion adopted by the Supreme Court.

We are of the opinion that under the record presented, the admission of the testimony, if error, was not reversible.

Tokio Marine & Fire Ins. Co. v. Aldridge et al., Tex.Civ.App., 21 S.W.2d 547, writ refused; Liner et al. v. United States Torpedo Co., Tex.Com.App., 12 S.W.2d 552.

Appellant attacks a part of the jury verdict to the effect that the appellee was not guilty of negligence in operating his automobile at such a rate of speed that it could not be stopped within the distance outlined by the headlights of his automobile, and that appellee did not fail to heed the warning flares, because contrary to the great preponderance of the evidence and manifestly unjust. There is evidence in the record to support the findings of the jury upon the issues under attack. There is also evidence to support contrary findings. In this state of the record it is the duty of an appellate court to give controlling effect to jury findings unless clearly wrong. 3 Tex. Jur. p. 1097, paragraph 769. We are unable to say that the findings of the jury are clearly wrong.

Accordingly, the judgment is affirmed.