PACE CORPORATION et al., Appellants,

v.

Allan JACKSON, Appellee.

No. 10271.

Court of Civil Appeals of Texas.

Austin.

Feb. 9, 1955.

Rehearing Denied March 2, 1955.

James V. Graves, Brewer, Matthews, Nowlin & Macfarlane, San Antonio, for appellants.

Spears & LeLaurin, James E. Barlow, G. Bert Smith, Jr., San Antonio, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the court, based on jury findings, awarding appellee $19,000 as damages for the breach of paragraph (E) of the contract and agreement entered into by the parties hereto for the sale and purchase of certain capital stock in Pace Corporation.

The contract and agreement provided for the purchase of certain shares of stock from appellee and the amount and manner of payment, and paragraph one is as follows:

"*First:* As part of the consideration for this transaction, Allan Jackson agrees and is bound not to re-engage in the handling of sales of cigarettes by the use of cigarette vending machines, in the County of Bexar, Texas, either as an individual, partner, or employee, or to own stock in any corporation engaging in such business in Bexar County, Texas, at any time for the period that Pace Corporation is indebted to him, and for two years thereafter."

Paragraphs (D) and (E) are as follows:

"(D) As a part of the consideration for this transaction. Pace Corporation and its remaining directors, Lee Moffett and Allan Dubose, individually agree and are bound not to engage, directly or indirectly in the handling or sale of cigarettes by the use of cigarette vending machines in any business other than Pace Corporation or for the account of said Corporation, in Bexar County, or in any manner whatsoever, in the Counties of Kerr and Bandera, Texas, whether as an individual, a corporation, partner or employee, or to own stock in any corporation, (other than Pace Corporation, in Bexar County) engaging in such business in Kerr and Bandera Counties, Texas, at any time during the period that Pace Corporation is indebted to Allan Jackson,

and Lee Moffett and Alan Dubose individually and for their heirs, successors in office, and assigns, join in the execution of this agreement for the limited purpose of showing their agreement to be bound by the provisions of this paragraph, and by the provisions of the preceding Paragraph (C).

"(E) As a part of the consideration for this transaction, Pace Corporation agrees to supply Allan Jackson for any business he may become interested in outside of Bexar County, with cigarettes on a cash basis, at cost, for a period not to exceed two years after Pace Corporation has paid its indebtedness to Allan Jackson, such cost being defined as invoice price less normal trade and cash discount, if any."

The litigation was begun by the filing of a motion for Declaratory Judgment by appellants in which the court was asked to determine and declare the true meaning and interpretation to be given the contract, and allegations were made that a proper construction to be given the contract does not require the Pace Corporation to supply Jackson for any business outside of Bexar County with cigarettes, other than the sale of cigarettes by the use of vending machines in Bandera and Kerr Counties, Texas; that the term "business" as used in the contract was expressed in the singular, and does not embrace any but a single business transaction, or in any event the wholesale distribution and sale of cigarettes; that it was the intention of the parties that the supply of cigarettes to be furnished Jackson was to be taken out of the company's usual stock on hand; that any other construction would render the contract lacking in mutuality, and no legal standard to determine the relative rights and obligations thereunder, etc.

The defendant, appellee, answered that the contract to supply him, "for any business he may become interested in outside of Bexar County, with cigarettes, on a cash basis, at cost, etc." was plain, clear and unambiguous; that it was never the intention of the parties that the term "any business"

limited any venture in which defendant might become engaged, outside of Bexar County, to any one business, or to a cigarette vending machine business; that the phrase "any business * * * outside Bexar County" was inserted in the contract on the insistence of defendant with the approval of plaintiffs.

The defendant made specific denials to other allegations of plaintiff, as to cost, etc., and prayed that the plaintiff take nothing.

By way of cross action defendant sought damages for the failure of plaintiff to comply with the contract terms, etc.

The pleadings in this case are very voluminous, the transcript containing 131 pages and the statement of facts 360 pages, with many exhibits and it is impossible, without unduly lengthening this opinion to attempt to review the pleadings further. We shall consider the evidence later on.

The appeal is before this Court on 50 points assigned as error.

Points Nos. 1 and 2 are as follows:

"The error of the Court in not holding that the separable and divisible portions of the contract declared upon by Appellee as the basis for his cross-action is too indefinite, vague and uncertain to create any contractual obligation on Appellants to supply Appellee with cigarettes.

"The error of the Court in not holding the separable and divisible portions of the contract declared upon by Appellee as the basis for his cross-action are completely lacking in mutuality. Appellee admittedly had no obligation thereunder to purchase and take any cigarettes from Appellant. Appellant Pace Corporation had no obligation thereunder to supply Appellee with any definite quantity or kind of cigarettes and no definite time or price was provided therefor. Each of those elements is essential to the creation of contractual obligations under the contract."

Under these points appellants contend that the provisions of the agreement are so uncertain, indefinite and so lacking in mutuality as to be unenforceable.

Paragraphs (D) and (E) are set out herein and will not be restated.

■ We do not believe that these provisions are so uncertain and indefinite and so lacking in mutuality as to be unenforceable.

In this case appellee agreed to the sale of his stock in the Pace Corporation in return for the execution of the agreement and has delivered the stock, given up this partial ownership in the corporation and done all he agreed to do. The appellants contend that paragraph (E) is uncertain, etc. and does not mean that the Pace Corporation is bound to supply Jackson, for any business he may become interested in outside of Bexar County, with cigarettes on the basis set out.

The appellants have failed to comply with the agreement to provide appellee with cigarettes on the basis set out, for use by appellee in his business in Kerr and Bandera Counties.

■ Terms such as mutuality, uncertainty, and indefiniteness, etc. are construed in the light of the circumstances under which the agreement is made and such terms used, and have no definite and fixed meaning and are interpreted so as to deal equitably with the parties.

The right to purchase cigarettes by appellee was only a part of the consideration, and the primary consideration which appellants received was the transfer of the stock in the corporation. The contract had been completely executed by appellee at the time of the institution of this suit.

The appellants had informed appellee, prior to the filing of the motion for Declaratory Judgment, that appellants were not under obligation under the contract to furnish appellee with cigarettes under the contract, and were only required to provide cigarettes out of any excess which Pace Corporation might have on hand, and then only as to such quantity and brand on hand.

Appellee had placed a temporary standing order for 18 cases of cigarettes, which appellant had refused to fill.

The contract was before the court and jury and viewed from the respective positions of the parties, and the jury returned its verdict and judgment was entered based thereon, and we believe that from the evidence of the parties heard by the jury that it was justified in its answers, and is a reasonable construction of the contract, and the contract is not lacking in mutuality and was an executed contract and not executory in nature. 10 Tex.Jur., p. 160, Sec. 94, with authorities cited; United Appliance Corporation v. Boyd, Tex.Civ.App., 108 S.W.2d 760.

The mutuality for the promise on the part of Pace Corporation to provide appellee with cigarettes under the contract does not consist in the counter promise of Jackson to purchase any specific amount or all of his cigarettes from appellant, but the mutuality for such promise on the part of appellant was the transfer of Jackson's stock in the corporation.

In Farmers' State Bank v. Mincher, Com. App.1927, 290 S.W. 1090, 1091, the Court held:

"The contract of deposit is the principal contract, and is supported by a valuable consideration moving between the parties, and the provision relating to interest is subsidiary to the principal contract, and is supported by the same consideration. When a promise is thus supported by a valuable consideration, the fact that the promise is not also supported by corresponding obligation on the part of the promisee becomes of no importance. In such case, the promise constitutes a binding obligation on the promisor." Roberts v. Anthony, Tex.Civ.App., 185 S.W. 423.

We do not believe that paragraph (E) of the agreement is so uncertain and indefinite as to make it void.

Mr. Moffett, one of the appellants, testified that the price of the cigarettes was in-

tended to be the invoice price less normal trade and cash discounts.

■ No time or times for the purchase and delivery of any cigarettes was provided for in the agreement. In such instances the law implies that the contract is to be performed within a reasonable time. 10 Tex. Jur., p. 413, Sec. 237.

The contract provides that appellant will furnish appellee with cigarettes for any business he may become interested in outside Bexar County, thus limiting the number of cigarettes to those to be used by Jackson in such business and then for the period of time set out in the agreement and such agreement is not too vague and uncertain to be valid.

■ Since the contract was in writing and having been signed and accepted by the parties it is the best evidence concerning the result of the negotiations, and as we have stated was supported by valid consideration. Mayhew & Isbell Lumber Co. v. Valley Wells Truck Growers' Association, Tex. Civ.App., 216 S.W. 225; Blaffer & Farish v. Gulf Pipe Line Co., Tex.Civ.App., 218 S.W. 89.

The appellants have cited a number of cases but we believe the cases and authorities herein cited are controlling. All agreements are construed under the particular facts in each case and are decided accordingly.

Appellants' points Nos. 1, 2, 3, 4 and 50 are overruled.

Points Nos. 5 and 6 present the common question that in the written instrument involved in this case, appellant Pace Corporation undertook to supply appellee with cigarettes for his use in any business (expressed in the singular and not plural) which he became interested in outside Bexar County, towit: The business of "handling of cigarettes by the use of vending machines * * * in the Counties of Bandera and Kerr," and that it should have been so construed and given effect as a matter of law.

The Pace Corporation was formed by Jackson and a Mr. Wilkinson. After Mr. Moffett's return from the service the stock held by Mr. Wilkinson, amounting to 75%, was sold with 25% going to Moffett and his relatives, 25% to Dubose and his relatives and the remaining 25% to Mr. and Mrs. Brown, parents of Mrs. Jackson. Jackson later sold two shares to R. C. Wilmoth and five shares to Mrs. Moffett.

From November, 1947 to May, 1951 Jackson and appellants Moffett and Dubose were in active charge of the business in the handling of the sale of cigarettes by the use of vending machines.

In May, 1951 Jackson went back into the service and was away until November, 1952, and during his absence Moffett and Dubose were in active charge of the operation.

Some disagreement having arisen Jackson made a buy or sell offer with reference to the stock, and after some negotiations an agreement was reached resulting in the sales contract and agreement involved herein; but prior to the actual execution of the agreement a suit was filed by Jackson and as a compromise and settlement the present agreement was signed, with the inclusion of paragraphs (D) and (E).

All parties to the contract were experienced in the cigarette business in all of its phases.

■ In construing a contract it should be considered as a whole from the language used therein.

■ We believe that there was a fact issue raised with respect to whether or not Pace Corporation contracted to provide Jackson with cigarettes to be used in the wholesale business, operating in Bandera and Kerr Counties, and we believe that the evidence supports the jury's finding that appellants did intend and contemplate the furnishing of cigarettes for appellee's wholesale business.

Jackson testified that Moffett told him, that because of experience that appellee should go into the Hill Country and open up

a little Cash and Carry Wholesale business and cigarette vending machine business.

The contract was worked over and re-written and discussed by all parties as well as by attorneys as reflected by correspondence between such attorneys and it became a question of fact as to what the intent of the language used in paragraph (E) of the agreement really was.

The jury found that the agreement by its terms intended that appellant would furnish cigarettes for any business appellee became interested in in the locality mentioned. Ellisor v. Kennedy, Tex.Civ.App., 128 S.W. 2d 842.

Appellants contend that the contract was intended to refer only to the cigarette vending machine business in Kerr and Bandera Counties.

The agreement under which appellee was to purchase cigarettes required him to pay cash. The Pace Corporation was on the direct line with the manufacturers and was required to pay cash for the cigarettes within 10 days after receipt of same. It was testified that a wholesaler could not survive unless he was on direct line on account of the price differential.

It is not disputed but what the Pace Corporation could have supplied Jackson with cigarettes which he ordered, and Jackson offered to pay cash C.O.D.

In view of the relationship between the parties and the full knowledge that each had concerning the purchase of Jackson's stock and the making of the final agreement, it appears reasonable that the corporation would have agreed to provide Jackson with cigarettes for the wholesale business outside of Bexar County, and that the language used in paragraph (D) was intended to require the corporation to supply cigarettes for the wholesale business as well as the vending machine business.

The jury had an opportunity to hear the evidence which was in sharp contrast between the witnesses for the respective parties and to view all the surrounding facts and circumstances, and concluded what was intended by the use of the words "any business, etc." 10 Tex.Jur., p. 331, Sec. 188.

Appellants' Points Nos. 7 and 8 are directed to the action of the court in granting to the defendant, appellee herein, the right to open and conclude both in introducing his evidence and in the argument, and contend that such demand brought appellee within the purview of that portion of Rule 266, Texas Rules of Civil Procedure, which provides in part that the defendants may open and conclude by admitting that the plaintiffs are entitled to recover except insofar as the allegations of the plaintiffs' petition may be defeated in whole or in part by the establishment in the trial of the allegations in the answer which would constitute a good defense.

The rule provides in part:

"Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument, unless the burden of proof on the whole case under the pleadings rests upon the defendant, * * *."

Rule 269 provides that:

"* * * The party having the burden of proof on the whole case, or on all matters which are submitted by the charge, whether upon special issues or otherwise, shall be entitled to open and conclude the arguments; * * *."

Appellant takes the position that since defendant did not admit the truth of plaintiff's allegations he had no right to open and close the case.

We believe that appellee assumed the burden of proof within the above rules. In the answer of appellee to plaintiff's petition asking for a construction of the contract, and for a declaration of the rights of the parties, he specifically denied that the construction contended for by appellants was correct. The defendant pleaded that the language of the contract was clear, plain and unmistakable that Pace

Corporation had agreed to furnish appellee with cigarettes for any business which he might become interested in outside Bexar County, at invoice price, etc. Further pleading was made that the plaintiffs were not acting in good faith, but were using schemes and devices to relieve themselves of their obligation, that plaintiffs had failed to supply appellee with cigarettes as requested, and as a result appellee had been forced to purchase such cigarettes at other places at prices from $2.50 to $3 per case higher than the cost to Pace Corporation and that plaintiffs had breached the contract and had damaged appellee in a fixed sum and in his cross action prayed for judgment. 23 A.L.R.2d 1262; Ready v. City of Marshall, Tex.Civ.App., 234 S.W.2d 104.

We do not believe that cases cited by appellants, i. e. National Bank of Commerce v. Williams, 125 Tex. 619, 84 S.W.2d 691; Fay v. Fay, Tex.Civ.App., 151 S.W.2d 607, er. dism., judgm. cor., are controlling in this case under all of the pleadings by the parties.

We believe that the court was justified in granting appellee the right to open and conclude the case.

■ By appellants' Points Nos. 9 and 10 complaint is made in admitting parol and documentary evidence which sought to vary, alter or contradict the terms of the written contract.

The appellee takes the position no parol or documentary evidence outside the contract was allowed by the court, but only evidence which sought to explain what was meant by the terms used, and that the meaning of the contract has not been altered by parol testimony, but simply explained, and the contract has been given the meaning which was intended by all parties to the agreement.

We do not believe that the parol and documentary evidence was admitted to vary or contradict the terms of the contract, but were admitted to aid the court and jury in this case in ascertaining the true inten-

tion of the parties, expressed in such contract as they understood same. Lone Star Gas Co. v. X-Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504. ,

The term "for any business outside Bexar County" as used in paragraph (E) is subject to explanation, and the finding by the jury that it included and contemplated within its term the wholesale business does not alter, contradict or vary the term but only explains what was meant by its use, and is consistent with the language used. Pecos Mercantile Co. v. Texlite, Inc., Tex. Civ.App., 65 S.W.2d 811.

■ We do not believe the court erred in permitting Jackson to testify why he bought his first order of cigarettes from Joykist Company. In reply to question as to why appellee purchased the first order from Joykist he replied "Because I didn't have the money to pay cash, and got credit from Joykist." The testimony of appellee as to his reason for buying from Joykist because he could get credit was admissible as disclosing his attitude and his intention to comply with the agreement which required him to pay cash for all cigarettes from Pace Corporation. Wheatley v. Benson, Tex. Civ.App., 279 S.W. 911, writ dism.

Appellants' Points Nos. 12, 13, 16 and 17 are directed to the admission of appellee's testimony as to the increase in number of vending machines which he would expect within a year or two, and the amount he would save in carrying on a wholesale business over a period of approximately six years by purchasing cigarettes from appellant, and that appellee could have increased his vending machine business and could have handled additional wholesale business without increasing his overhead, because such testimony was purely speculative and formed no basis for establishing any legal measure of damages.

■ Appellee contends that appellants waived any defect in his pleading as special damage by not excepting to such defect, or calling such to the attention of the court.

Jackson testified that the cost of cigarettes to Pace Corporation was $1.987 per carton, and that he was required to pay as much as $2.03 per carton, and that the differential between the price that one can get cigarettes from a manufacturer on the basis Pace Corporation was purchasing and the price that one can buy cigarettes from the wholesaler to be less than two cents per carton. The witness testified that if he had obtained cigarettes from Pace Corporation for his vending machine business he would have saved $25 per month, basing such on the number of cartons used per month.

The witness further testified that in his wholesale business he used approximately 4,650 cartons per month from May 20 to November 30, 1953, and on such basis he would have saved in the purchase of cigarettes approximately $6,552 during a period of six years. The agreement provided for the furnishing of cigarettes for a term of two years after the indebtedness to Jackson had been paid.

The witness testified that he had increased his vending machines from 17 to 40 within six months.

The cross action for damages alleged the placing of the temporary order for 18 cases, the failure of appellants to furnish such cigarettes as required for his business, vending machines and wholesale, at their cost, made it necessary for appellee to purchase cigarettes at other places at costs of from approximately $2.50 to $3.50 per case higher than cost to Pace Corporation, and that appellants have breached the contract and that appellee has been damaged thereby; that the portion of the contract breached was a part of the consideration for the entire transaction and sought damages.

We believe that appellee's pleading was sufficient to support a claim for damages and since appellants did not except to appellee's pleading in this particular. Gregory v. Reynolds, Tex.Civ.App., 219 S.W.2d 107.

We believe that the decision by the Supreme Court in Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W. 2d 1097, is controlling in this case.

The trial court was not in error in excluding the testimony of Lee Moffett and the correspondence between the witness and the various tobacco companies, all of which occurred subsequent to the execution of the contract.

In construing a contract the rule is to ascertain the intention of the parties from the words used, construed in the light of the facts and circumstances surrounding the parties at the time it was made and not in the light of subsequent unforeseen facts and circumstances. Hoffer Oil Corporation v. Hughes, Tex.Civ.App., 16 S.W.2d 901.

Points Nos. 18, 19 and 20 are directed to the action of the court in admitting the testimony of three operators of grocery stores in Kerrville with respect to purchase of cigarettes from Jackson in connection with showing the loss of profits suffered by appellee because of appellant's breach of contract.

The testimony of the witnesses concerns the purchase of cigarettes from Jackson and the prices paid and as to their requirements. Jackson had testified that he could have sold them cigarettes at $2.03 per carton if appellants had furnished him such cigarettes at the invoice price as contracted for but because of such failure he could not buy cigarettes for less than $2.03 per carton.

It was contemplated by the parties that the cigarettes to be supplied Jackson would be resold.

We believe that the testimony as to agreements of the operators of the stores in Kerrville with appellee as to the purchase of cigarettes was admissible.

In cases involving lost profits occasioned by breach of a contract it is

proper to show such damages as would naturally be expected to follow the breach of the contract. Grand Prairie Gravel Co. v. Joe B. Wills Co., Tex.Civ.App., 188 S.W. 680, error ref.; 13 Tex.Jur., Sec. 105, p. 203.

Points Nos. 21, 22, 23, 24 and 25 are directed to the submission of the Special Issues.

We believe that Special Issue No. 1 meets the requirements of the law, and does not violate the parol evidence rule.

Special Issue No. 1 is as follows:

"Do you find from a preponderance of the evidence that the parties, Plaintiff and Defendant, in their contract of Jan. 19, 1953, involved in this cause, mutually intended that Plaintiff, Pace Corporation, supply Defendant, Allan Jackson, cigarettes for his use in carrying on a wholesale cigarette business in which he might become interested in Kerr and Bandera Counties?"

In connection with the issue the court gave the following instruction:

"You are instructed in connection with question No. 1 in order to ascertain the intention of the parties, you may consider the subject matter of the contract, of the words used therein, the surrounding facts and circumstances existing at the time such contract was executed, the purposes sought to be accomplished, and the practical interpretation, if any, subsequently placed thereon by the parties. However, you may not consider unforeseen facts and circumstances arising after the execution of such contract."

There was in issue the proper construction to be given the contract; it was the duty of the court to submit the matter for their determination upon the testimony as produced by the parties. Baker v. Powell, Tex. Civ.App., 105 S.W.2d 289; Hoffer Oil Corp. v. Hughes, supra.

The testimony of Jackson as to what Moffett told him about going into the vending machine and wholesale cigarette business was contradicted by Moffett. The issue as to the intention of the parties becomes a question of fact for the jury to determine and we believe the evidence supports the jury finding on Special Issue No. 1. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059.

We do not believe that Special Issues Nos. 2 and 3 as submitted constituted a comment on the weight of the evidence by failing to instruct the jury that only in event the jury's answer to Special Issue No. 1 was answered in the affirmative should the following issue be answered:

Special Issue No. 2 was submitted as follows:

"Do you find from a preponderance of the evidence that Allen Jackson was caused to lose any profits in the wholesale portion of his business as a result of his inability to secure cigarettes from Pace Corporation at invoice prices less normal trade and cash discounts, if any?"

This issue assumed that Jackson had not been furnished with cigarettes for his wholesale business and it was an admitted fact that this had not been done.

The omission of the words "if any" after the word "inability" in Special Issue No. 3 does not constitute error, since it is an admitted fact that appellant had not furnished or had any intention of furnishing cigarettes for the wholesale business.

By Special Issues Nos. 4 and 5 the jury was asked if Pace Corporation failed and refused to supply Jackson with cigarettes for his vending machine business; and if Jackson was caused to lose any profits in his vending machine business as a result, if any, to secure cigarettes, etc. The jury answered each of these issues "Yes", and in response to Special Issue No. 6 fixed the loss at $3,000.

Jackson had testified that he was unable to purchase cigarettes in accordance with the agreement, and Moffett and Dubose testified that Jackson could have purchased

cigarettes for his vending machine business. An issue of fact was thereby raised and the court in submitting Issues Nos. 4 and 5 presented this question. Cree v. Miller, Tex.Civ.App., 255 S.W.2d 565, error ref. n. r. e.

We believe that there was sufficient evidence to support the submission of Special Issues Nos. 2 and 3, and overrule appellant's Points Nos. 26 and 29.

Jackson testified that at the time he sold his wholesale business, the profits he was making were sufficient to meet his overhead expenses and could have handled additional business without an overhead increase in costs. The witness further testified that he had depended on getting the cigarettes but was unable to get them and was losing profits, and there was not enough to run the business and pay salaries, and that he was forced to give up. Appellee further testified that a cent or two on the carton was a mighty important item. 13 Tex.Jur., Sec. 103, p. 200 and Sec. 108, p. 207.

■ We think that the definition of the word "profits" as used in connection with questions Nos. 2 and 5 was correct.

The definition given in connection with the questions is as follows:

> "In connection with the foregoing Question No. 2, you are instructed that 'profits', as used in said question, means net profits, that is, the amount of money, if any, the parties may have reasonably contemplated on Jan. 19, 1953, that Allan Jackson would have reasonably made over and above his expenses of operation, including the difference, if any, between the price paid by him for cigarettes and the factory invoice price of such cigarettes less normal trade and cash discounts, if any, plus State taxes, for the period of time provided for in the contract."

■ There is no hard and fast rule with respect to the recovery of lost profits and each case depends upon the facts and circumstances of that particular case. South-

west Battery Corporation v. Owen, supra; Whiteside v. Trentman, Tex.Com.App., 141 Tex. 46, 170 S.W.2d 195.

The submission of question No. 3 did not assume any disputed fact.

The question was "What amount of profits * * * if any, * * *" 41-B Tex. Jur. Sec. 486, p. 646.

We do not find that the form of question No. 3 was improper.

The jury answered question No. 1 that it was the mutual intent of the parties, under the agreement, that Pace Corporation would supply Jackson with cigarettes used in the wholesale business. Jackson testified as to the time of opening the business and that the business included both wholesale and vending machines. Jackson further testified as to profits made and that if he could have obtained cigarettes under the agreement he would have made larger profits. Southwest Battery Corporation v. Owen, supra; Whiteside v. Trentman, supra.

The evidence was sufficient to support the submission of questions Nos. 4 and 5, and the issues were in proper form.

We have heretofore reviewed testimony of Jackson and his witnesses and that of Moffett and Dubose in connection with the making of the agreement and with the placing of orders for cigarettes and see no need to restate such now. Hamilton v. William H. Swanson Film Co., Tex.Civ. App., 206 S.W. 574; 10 Tex.Jur., Sec. 258, p. 444; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340.

There was no error in form or in submitting Special Issue No. 6.

It was not necessary to submit Issue No. 6, conditioned on an affirmative anwer to Issue No. 5.

The appellants did not, in their written objections to the charge, specifically point out an objection to the form of this question. Cree v. Miller, supra; Rule 274, T.R. C.P.

We believe that it was not essential to submit appellants' requested issue which inquired if Pace Corporation offered to supply Jackson with cigarettes required in his vending machine business.

Special Issue No. 4 as submitted inquired if Pace Corporation failed and refused to supply Jackson with cigarettes required by him in his vending machine business, and we believe that this issue fairly and adequately covered the question. 41-B Tex.Jur., Sec. 423, p. 535.

Appellants filed their motion for judgment non obstante, which was overruled by the court.

The motion contended that the contract was too vague and uncertain to create any contractual obligation, is lacking in mutuality and is unilateral and unambiguous and refers to a cigarette vending machine business only; further the motion contended that the measure of damages was incorrect and the court should not have admitted evidence to alter, vary or contradict the terms of the written instrument.

We believe that the court was justified in overruling the motion. Most, if not all, of the reasons set out in the motion were presented by the appellants in other points presented in the brief which we have disposed of. We have concluded that the contract was valid and mutual and provided for the sale of cigarettes for the wholesale as well as the vending machine business and that the measure of damage was correct, and the evidence was not admitted to alter, vary or contradict the terms of the contract.

As has been stated, we believe that the contract obligated Pace Corporation to supply Jackson with cigarettes for his wholesale business.

The contract was executed by the Vice President of Pace Corporation and attested by its secretary, and was duly acknowledged as the act of the corporation.

The jury made findings as to the intent of the parties in the use of paragraph (E).

The appellants for the first time on appeal plead the lack of authority for the execution of the agreement and no verified pleading was made setting up this matter. Rule 93, T.R.C.P.

We believe that the findings of the jury in answer to the special issues are reasonably supported by the evidence and not against the great weight and overwhelming preponderance of the evidence.

The case was fully developed and the court and jury had before them the contract, saw and heard the witnesses and the jury resolved the fact issues in favor of appellee and the court entered his judgment thereon and we do not feel that we should disturb such judgment. Southwest Battery Corp. v. Owen, supra; Wood Motor Co. v. Nebel, Tex.Civ.App., 232 S.W.2d 772, reversed in part and affirmed in part by the Supreme Court in 150 Tex. 86, 238 S.W. 2d 181; Schoenberg v. Forrest, Tex.Civ. App., 228 S.W.2d 556, error ref. n. r. e.

The judgment was against Moffett and Dubose individually. The suit was instituted by Pace Corporation and Dubose and Moffett.

The whole transaction was closely interwoven between all of the parties. The appeal was taken by all parties, jointly and severally.

We have given careful consideration to all of the assignments made by appellants and to their well prepared brief, together with the authorities cited, but believe that the points are not sustainable.

The judgment of the trial court is affirmed.