E. B. KINCHELOE, Appellant,

v.

HOUSTON FIRE & CASUALTY INSUR-
ANCE COMPANY, Appellee.

No. 6849.

Court of Civil Appeals of Texas.

Texarkana.

April 12, 1956.

Rehearing Denied May 3, 1956.

Gallagher, Francis, Bean, Wilson &
Berry, Williams & Akin, Henry D. Akin,
Jr., Dallas, Florence & Florence, Gilmer,
for appellant.

Kenley, Sharp & Ritter, Longview, for
appellee.

HALL, Chief Justice.

This is a workmen's compensation case
brought by E. B. Kincheloe in the District
Court of Gregg County as an appeal from
the award of the Industrial Accident
Board to recover compensation for total
and permanent disability allegedly suf-
fered by him while an employee of Hall
Lumber & Material Company.

Trial was to a jury and resulted in a
verdict favorable to appellee, Insurance
Company, and judgment was rendered
for the Insurance Company accordingly.

By Point 1 brought forward by appel-
lant it is asserted that the "trial court
erred in admitting defendant's exhibit D-
5 in evidence over the timely objection of
the plaintiff since such application consti-
tuted a hearsay statement by Dr. Bain
Leake as well as a legal conclusion, and
such exhibit was not signed by plaintiff."

The facts are without dispute that ap-
pellant while papering the Martin Cafe,
operated by Mr. Ledbetter, fell from the
scaffold sustaining severe injuries to his
leg, hip and possibly other portions of his
body. Appellant is an elderly man and his
injuries are permanent. The question
here presented is whether appellant was

an employee of Hall Lumber & Material Company or an independent contractor. The jury found upon sufficient evidence (1) that on the occasion of appellant's injury he was not an employee of Hall Lumber & Material Company, but (2) was an independent contractor.

At the conclusion of the direct examination of appellant, Kincheloe, the following stipulation was made:

"Mr. Gallagher: I wish to offer to read into the record an agreement whereby attorneys for the defendant may offer in evidence without any objection, all photostats of the application by Mr. Kincheloe, the Plaintiff, under the insurance policy he had with the Mutual Benefit Health & Accident Association of Omaha, Nebraska, including the tender of the policy which may be offered with proof of execution. I will say further that those photostats were in connection with the Plaintiff's application for a claim for accidental injuries under his policy, the accident being on August 8, 1952, the one sued on in the present cause."

It seems that before the trial had begun, appellee filed its motion for continuance based upon its failure to receive depositions of a witness residing in Omaha, Nebraska, who was connected with Mutual Benefit Health & Accident Association of Omaha with respect to a policy in said Company held by appellant. At the conclusion of the dictation of the stipulation above referred to is the following statement by the trial court and the answer of Judge Sharp, one of the attorneys representing appellee: "The Court: With that stipulation, is your prior motion withdrawn? Mr. Sharp: No, sir." There seems no doubt that the inquiry of the Court of Judge Sharp had to do with appellee's motion to continue the case, and undoubtedly the stipulation had for its purpose to render harmless any error by the trial court in overruling appellee's motion to continue. Based on this stipulation, the trial court permitted appellee to introduce in evidence the exhibit which forms the basis of appellant's Point 1.

 Under the circumstances here, no error is shown by the introduction of the exhibit. Where one agrees or stipulates that certain papers may be admitted in testimony, without any objection, we think that the party making the stipulation is thereafter bound by it. The above holding is amply supported by Traders & General Ins. Co. v. Weatherford, Tex.Civ. App., 124 S.W.2d 423; Thompson v. Ft. Worth & R. G. R. Co., 31 Tex.Civ.App. 583, 73 S.W.2d 29; Crews v. Powers, Tex.Civ.App., 184 S.W. 363. The stipulation by appellant's attorney clearly and unequivocally agrees that such evidence as here complained of could be admitted in evidence by appellee without objection by appellant. The fact that some of the exhibits proved to be harmful to appellant is no good reason why they should not be admitted in evidence under and by virtue of the prior stipulation. Moreover, it appears from the record that appellee's exhibit No. 3 containing, in substance, the same or similar factual statements as contained in appellee's exhibit No. 5, was admitted in evidence without objections. No complaint to the introduction of exhibit No. 3 was brought forward in appellant's motion for new trial, nor does appellant present a point complaining of its admission. In such circumstances the error, if any, in admitting exhibit No. 5 is cured by the admission of exhibit No. 3 without objection. Rowe v. Liles, Tex. Civ.App., 226 S.W.2d 253, w/r. See also Pure Foods Products v. Gibson, Tex. Civ.App., 118 S.W.2d 925, w/d; Newton v. McCarrick, Tex.Civ.App., 75 S.W.2d 472, w/dis. It may also be noted that even though the exhibit was not signed by appellant, but by his physician, it having been used by him in support of a claim for accident insurance from the Omaha Mutual, is binding on appellant. Thornell v. Missouri State Life Ins. Co., Tex. Com.App., 249 S.W. 203.

■ Appellant's second point brought forward is:

"The trial court erred in admitting into evidence, over plaintiff's timely objection, the hearsay and self-serving testimony of Hall Lumber & Material Company's employee J. M. Rasberry to the effect that Mr. Hall, the owner of Hall Lumber & Material Company, had instructed him not to put Mr. Kincheloe on the Company payroll."

Appellant's point 3 complains of the action of the trial court in permitting Howard Hall, owner of Hall Lumber & Material Company, to testify that he had instructed his employees, Mr. Craddock and Mr. Rasberry, not to put Mr. Kincheloe on the Company payroll any more, because Mr. Kincheloe had been drinking, his work was not too satisfactory, and Mr. Hall did not want to work him any further, on the ground that such testimony was plainly hearsay and so prejudicial and inflammatory that no objection or instruction could cure the error.

Rasberry testified:

"Q. Mr. Rasberry, when you came back to the Lumber Yard there in Gladewater in the summer of 1951, did Mr. Hall give you any instructions with reference to hiring Mr. Kincheloe? Just yes or no, did he give you any instructions? A. Yes.

"Q. Now, what were those instructions? A. Well, he said that—

"Mr. Gallagher: *It's limited to this particular occasion, as the only one in controversy;* otherwise, hearsay objection.

"The Court: I'm going to overrule the objection.

"Mr. Gallagher: Note the exception, please.

"Q. What was that instruction, Mr. Rasberry? A. He said that it was all right to tell Mr. Kincheloe about jobs, and to help him if we could, tell him where jobs were and let him make his own deals but he didn't want to put him on the payroll.

"Q. All right, was that in the Summer of 1951? A. Yes, sir.

"Q. Did he give you the reason for that instruction? A. Well, he didn't—

"Q. Just yes or no if he gave you a reason for it. A. Yes.

"Q. What was that reason? A. Well, he felt that Mr. Kincheloe, his age, would be more or less dangerous to—working for the organization." (Italics ours.)

It will be noted that the objection to Rasberry's testimony was not to the particular occasion in controversy. Rasberry testified further that he never did hire Mr. Kincheloe as an employee of Mr. Hall's lumber yard. The effect of this testimony was to show that Rasberry had no authority to hire Kincheloe to do any work for Hall Lumber & Material Company and also contradicted the testimony of Kincheloe himself with regard to his alleged employment by the Hall Lumber & Material Company. In our opinion, this testimony was admissible to show lack of authority on the part of Rasberry to employ Kincheloe and is clearly admissible under the case of Reo Motor Car Co. of Texas v. Barnes, Tex.Civ.App., 9 S. W.2d 374. Furthermore, the record shows that after Rasberry had testified to the conversation had with Mr. Hall about not employing Kincheloe any more, Mr. Craddock testified to a similar statement made by Mr. Hall to him about hiring Kincheloe which was not objected to and no error is assigned or point brought forward embodying Craddock's testimony. Appellant's failure to object to Craddock's testimony along the same lines as that given by Rasberry cures any error, if any, in admitting the testimony of Rasberry. This point is overruled.

What we have said next above is applicable to appellant's point No. 3.

We have examined all of the points brought forward by appellant and have reached the conclusion that under the record here as a whole they do not present error, and are therefore overruled.

The judgment of the trial court is affirmed.