

# The Attorney General of Texas

June 4, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
State Treasurer
P. O. Box 12608, Capitol Station
Austin, Texas 78711

Opinion No. MW-187

Re: Whether the distributor's cigarette tax surety bond is ineffective on receipt of a cancellation notice.

Dear Mr. Harding:

You ask for an interpretation of a Distributor's Cigarette Tax Surety Bond. Payment of the cigarette tax required by article 7.02, Taxation-General, is evidenced by stamps purchased from the Treasurer and affixed to each package of cigarettes. Tax.-Gen. art. 7.02(2). The distributor must file a surety bond with the State Treasurer conditioned upon payment in full for the stamps or meter settings within the time specified by statute. Tax.-Gen. art. 7.08(9).

You inform us that a bonding company sent a cancellation notice stating the date they wished to be released from further liability on the bond. You ask whether the bonding company will be responsible for purchases of stamps made after the cancellation date it specified if the State Treasury Department wishes to continue the bond past that date.

You have submitted a copy of the cancellation notice and the bond form. The answer to your question depends on an interpretation of the provisions of the bond form. Bonds are construed in accordance with the rules governing the construction of written contracts. Crane County v. Bates, 90 S.W.2d 243 (Tex. 1936). The Treasurer may cancel the bond for failure of the distributor to comply with article 7.08(9) Taxation-General and all rules and regulations promulgated thereunder. The following provision from the bond in question relates to cancellation by the surety.

> The Surety on this bond shall be released and discharged from any and all liability accruing under this bond by written request to the State Treasurer of Texas, provided, however that such request shall not operate to relieve, or release or discharge such surety from any liability already accrued or which may accrue until request is granted by the State Treasurer of Texas.

In our opinion, this provision clearly states that the surety is subject to liabilities which accrue until his request is granted by the Treasurer. Although the first clause of the sentence states that the surety shall be released, this must be read together with the proviso, which conditions release on the granting of the surety request by the Treasurer. See University Interscholastic League v. Midwestern University, 255 S.W.2d 177 (Tex. 1953) (contract must be construed as a whole). We believe the State Treasury Department may continue the bond past the specified cancellation date so that the bonding company remains responsible for purchases of stamps after that date until the Department grants the request for cancellation.

We believe the parties may validly enter into such an agreement. The quoted provision effectively permits termination by mutual consent on the instigation of the surety. Even a provision which allows only one party an option to terminate is permissible where supported by sufficient consideration. Thomas v. Western Indemnity Co., 246 S.W. 345 (Tex. 1922). We do not believe the termination provision is invalid. However, in order to render it meaningful, we believe the Treasury Department must terminate within a reasonable time and not withhold its consent and extend the surety's liability indefinitely. See Pace Corp. v. Jackson, 275 S.W.2d 849 (Tex. Civ. App. — Austin), mod. on other grounds, 284 S.W.2d 340 (Tex. 1955) (law implies a reasonable time for performance).

## SUMMARY

The surety on the Distributor's Cigarette Tax Surety Bond presented for our consideration remains liable for purchases of stamps made until the time his request for cancellation is accepted by the State Treasury Department provided the Treasury Department does not withhold its consent for an unreasonable length of time.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Bill Campbell
Susan Garrison
Rick Gilpin
Myra McDaniel