## MEDICAL PROFESSIONAL BLDG. CORPORATION et al. v. FERRELL.

### No. 10550.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 2, 1939.

Rehearing Denied Sept. 20, 1939.

John C. North, of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

MURRAY, Justice.

C. N. Ferrell filed suit in the District Court of Nueces County against the Medical Professional Building Corporation, G. T. Grant and B. M. Jackson, to recover actual and exemplary damages for the alleged breach of a lease agreement on certain space in the Medical Professional Building.

The defendants below answered by general and special demurrers, general denial, special answers, and cross-action.

The trial was to a jury and after the evidence was introduced Ferrell dismissed his suit against G. T. Grant, and Medical Professional Building Corporation and B. M. Jackson then filed and presented their motion for an instructed verdict. The motion was overruled and the case submitted to the jury on special issues. In keeping with the verdict of the jury, judgment was rendered in favor of Ferrell and against Medical Professional Building Corporation and B. M. Jackson in the principal sum of $9,400. From this judgment the above named defendants have prosecuted this appeal.

The pertinent facts are as follows: Prior to March 1, 1928, W. E. Pope was the owner of the Medical Professional Building, located in the City of Corpus Christi. On that date he executed a deed of trust covering the building to secure the sum of $260,000 in notes. On November 15, 1932, W. E. Pope, joined by his wife, conveyed all of the land and premises of the Medical Professional Building to the Pope Building Corporation. Thereafter, on

August 9th, 1935, this last named corporation was the owner and operator of the building when Ferrell secured a written lease on a portion of the ground floor of the building.

On April 30, 1936, the Whitney National Bank, as trustee, secured a judgment in the District Court of the United States for the Southern District of Texas against W. E. Pope and wife, Pope Building Corporation and one L. M. Thomas for the amount due on the above note, and foreclosing the deed of trust lien on said property. On June 2, 1936, the building was sold under the judgment to the Medical Professional Building Corporation and conveyed to it, on or about August 8, 1936. B. M. Jackson was employed as manager of the building by the new owner, and on June 18th, 1936, Jackson gave written notice to Ferrell that the new owner would not renew his lease.

The lease held by Ferrell ran for one year, beginning on August 15, 1935, and ending on August 14, 1936. The lease, among other things, provided: "and this lease is hereby extended for a like period stated above, unless the lessor or lessee gives prior to termination of this lease ninety days written notice to the other of intention to cancel lease, at the end of the time herein fixed. This lease shall be further extended for like periods from the expiration of any extension, unless said written notice be given."

The notice was not given ninety days before the expiration of the first year, and for this reason it did not meet the requirement of the lease for notice of termination. Notwithstanding the foreclosure and the notice that the new owner would not renew his lease, Ferrell remained in the building until about September 1, 1937, when he was ejected by means of a forcible detainer suit.

Ferrell also alleged that on or about June 8, 1936, he entered into an oral lease contract with B. M. Jackson for the space he then had in the building, together with more space, for a period of five years, for a consideration of $300 per month. The written lease called for rent at the rate of $100 per month.

Ferrell alleged that by reason of the breach of the five-year oral lease contract he had been damaged in the sum of $5,-000 per year, and as the result of building a certain balcony in the rear of his store he had been damaged in the sum of $300.

The jury made the following findings:

"1. That on or about the 1st day of August, 1936, C. N. Ferrell was the owner, by lease of that certain storeroom situated in the Medical Professional Building, and being the storeroom nearest to and south and east of the lobby of said building, and being the room bounded on the west by the sidewalk on Chapparral Street, on the east by a partition that is about eighty feet east of said sidewalk and about eleven feet wide from the entrance to the elevator and stairway, and about twenty-seven feet wide from the stairway east to said partition.

"2. That on or about the 1st day of August, 1936, the defendants, Medical Professional Building Corporation, its servants and agents, and B. M. Jackson, entered upon and dispossessed the plaintiff of a portion of said storeroom, being all of the upper space in said storeroom east of the elevator shaft and lobby of said building, and west of the north wall of said building to a line equal with the extension of the west side of said lobby in an easterly direction and above the height of about seven feet from the floor of said room.

"3. In answer to the Third Special Issue, the jury found that the Medical Professional Building, its servants and agents, entered upon and dispossessed the plaintiff of that portion of the building described in No. 2, above.

"4. In answer to the Fourth Special Issue, the jury found that B. M. Jackson entered upon and dispossessed the plaintiff of that portion of the building described in No. 2 above.

"5. That the space described in the preceding Special Issue was of no rental value from and after the 1st day of August, 1936, to and including the 14th day of August, 1937.

"6. That the plaintiff suffered damage by reason of the defendants, Medical Professional Building and B. M. Jackson, having constructed the floor called a balcony, and having cut off the ventilation at the east end of the space described in No. 1 above.

"7. That three hundred dollars was the amount of money that would reasonably compensate the plaintiff for his damage sustained by reason of the defendants having constructed the balcony and having cut

off the ventilation at the east end of the space described in Paragraph 1 above.

"8. That on or about the 8th day of June, 1936, C. N. Ferrell and the Medical Professional Building Corporation, acting through B. M. Jackson as its manager, entered into a verbal agreement, wherein the plaintiff agreed to lease, and did lease, from the defendant, Medical Professional Building Corporation, for a term of five years, at a rental of three hundred dollars per month, all of that certain storeroom situated in the Medical Professional Building in Corpus Christi, and being the storeroom nearest to and south and east of the lobby of said building, bounded on the west by the sidewalk on Chaparral Street, on the east by a partition that is about eighty feet east of said sidewalk and about eleven feet wide from the entrance to the elevator and stairway, and about twenty-seven feet wide from the stairway east to said partition and the lobby in said building.

"9. That B. M. Jackson, acting for and on behalf of the Medical Professional Building Corporation as its manager, did, on or about the 8th day of June, 1936, represent to the plaintiff that he, plaintiff, had rented said storeroom space described in Special Issue No. 8, and that said storeroom space was the plaintiff's for a term of five years at a rental of three hundred dollars per month, in advance, and that a written lease would be prepared and submitted to him, the plaintiff, for execution, leasing to him, the plaintiff, said space for said term and rental.

"10. That plaintiff, C. N. Ferrell, believed and relied upon such representations made to him by B. M. Jackson at the time specified in said Special Issue No. 9.

"11. That plaintiff, C. N. Ferrell, believing and relying upon such representations made to him by B. M. Jackson, did purchase fixtures and equipment at a cost and expense to him, the said C. N. Ferrell, of about four thousand four hundred sixty-eight dollars, to be used in said storeroom space described in Special Issue No. 8.

"11-A. That the plaintiff, C. N. Ferrell, would not have purchased the fixtures and equipment referred to in Special Issue No. 11 had such representations not been made to him by the said B. M. Jackson.

"12. That the defendants, Medical Professional Building Corporation and B. M. Jackson, when L. M. Thomas vacated the lobby of said building, refused to deliver possession to the plaintiff of all of said premises described in Special Issue No. 8.

"13. That the plaintiff was, at the time L. M. Thomas vacated the lobby of said building, ready, able and willing to pay to the defendant, Medical Professional Building Corporation, in advance, a rental of three hundred dollars per month for the storeroom space described in Special Issue No. 8.

"14. That the plaintiff suffered damages by reason of the defendants, Medical Professional Building Corporation and B. M. Jackson, refusing to deliver possession to the plaintiff of the lobby space in said building.

"15. That ten thousand dollars was the amount of money, if paid at the time the verdict was returned, that would reasonably compensate the plaintiff for his damages sustained by reason of being deprived of the lease of that space in said Medical Professional Building described in Special Issue No. 8.

"16. That seventy-five dollars per month was the reasonable rental value of the space occupied by the plaintiff between August 15, 1936, and the time he vacated the premises on or about September 5, 1937."

This appeal presents two legal questions, to-wit: First, was the written lease terminated by the sale under the foreclosure? and, second, was the five year oral lease void and unenforcible by reason of the statute of frauds, Art. 3995, Subdivisions 4 and 5, Art. 1288, R.C.S.1925?

We find it unnecessary to determine the first question. Ferrell continued to occupy the storeroom until September, 1937. more than a year after the foreclosure and sale. If the letter written by Jackson to Ferrell, of June 18, 1936, was not in time to terminate the lease contract on August 14, 1936, it certainly had the effect of terminating it on August 14, 1937. If Ferrell was occupying the storeroom under the lease then he is indebted to the Corporation for more than twelve hundred dollars ($1,200) for the rent due, and the jury having found that he had been damaged in the sum of three hundred dollars ($300) by reason of the construction of a balcony in part of the storeroom under lease, he would be indebted to the Corporation in the sum of nine hundred dollars ($900). This is in keeping with the judgment rendered by the trial court.

On the other hand, if the lease was in fact terminated by the foreclosure and sale, then Ferrell would be indebted to the corporation for the reasonable rental value of the space occupied by him, which was found by the jury to be $75 per month, or $900 for twelve months, and if the lease had been terminated the Corporation would have had the right to construct the balcony and would not be responsible to Ferrell for the resulting damages. In either event Ferrell is indebted to the Medical Professional Building Corporation in the sum of $900, as rent for the space occupied by him after August 14, 1936.

This brings us to a consideration of the validity of the five-year oral lease contract claimed by Ferrell. It is apparent that Ferrell did not gain possession of any space in the building by virtue of the alleged five-year oral lease contract. Neither did he pay any installment of the rent under this contract, nor did he make improvements under this lease.

■ The general rule unquestionably is that a lease of real estate for more than one year must be in writing, or at least some memorandum thereof must be in writing. Arts. 3995 and 1288, R.C.S.1925.

■ To constitute an exception to the general rule above stated, it must be shown that the tenant was placed in possession of the premises under the lease and one or more installments of the rent paid to the landlord. 20 Tex.Jur. p. 344, Par. 129.

Some decisions go further and hold there must be a making of valuable and permanent improvements. Carter v. Portwood, Tex.Civ.App., 26 S.W.2d 422. See, also, Lechenger v. Merchants' National Bank of Houston, Tex.Civ.App., 96 S.W. 638.

■ Under the facts in this case the alleged five-year lease is void and unenforcible under the statutes of frauds and the recovery of $10,000 given Ferrell for damages resulting from a breach of this alleged parol lease must be set aside.

The judgment will be reversed and judgment here rendered in favor of Medical Professional Building Corporation against C. N. Ferrell in the sum of $900, together with interest at the rate of 6% per annum from the date of judgment until paid.

Appellee's prayer for a foreclosure will be denied, as there is no jury finding as to what fixtures were in the store when the rent became payable.

Reversed and rendered.