N. A. GIBLIN et ux., Appellants,

v.

Henry C. SUDDUTH, Jr., et ux., Appellees.

No. 10463.

Court of Civil Appeals of Texas.

Austin.

March 13, 1957.

Rehearing Denied April 3, 1957.

James R. Meyers, Coleman Gay, Austin, for appellants.

Julian C. Clopton, Austin, for appellees.

ARCHER, Chief Justice.

H. C. Sudduth, Jr., and wife filed this suit against N. A. Giblin for specific performance of a contract which they contended gave them an option to purchase a tract of 1.18 acres of land belonging to the Giblins. The defendants resisted on the grounds, among others, that the land was not sufficiently described in the written memorandum to satisfy the Statute of Frauds and that plaintiffs' rights had ceased long prior to the attempted exercise of the option because of their failure to pay the annual consideration necessary to keep the option alive.

A trial before the court resulted in judgment for the plaintiffs. Findings of Fact and Conclusions of Law were filed by the trial court at defendants' request.

The appeal is before this Court on three points assigned as error and are:

"First Point of Error: The error of the Court in holding that the land was sufficiently described in the contract of sale to comply with the Statute of Frauds.

"Second Point of Error: The error of the court in holding that plaintiffs' failure to make the annual payments of rental provided in the contract did not bar their right to specific performance.

"Third Point of Error: The error of the court in holding that the parties had entered into an option contract instead of having only agreed to enter into an option contract."

The parties entered into a contract of sale concerning other property, consisting "of house and one acre more or less located on Wheless Lane (Rt. No. 3) which is the fifth house on the left from Cameron Road going in an easterly direction; the property being the same property bought from George V. Reeves and wife and joins the H. V. Hayes property on the east," and in this contract there is this special condition:

"The seller agrees to give the purchaser an option on the acre tract joining the property they are buying from the seller on the east; this option will be for 5 years and the purchasers can take up their option at any time within 5 years from date by pay the seller $1500.00 in cash. The purchaser agrees to pay a yearly rental of $10.-00."

On July 16, 1951, N. A. Giblin and wife conveyed to Henry C. Sudduth, Jr. and Dorothy P. Sudduth a tract of land, being the land mentioned in the contract above referred to, described as follows:

"A tract of land being the west portion of that 2.12 acres conveyed by W. W. Covington to Geo. Reeves by deed recorded in Vol. 529, Page 249, of the Travis County Deed Records, and more particularly described as follows:

"Beginning at the Southwest corner of the said George Reeves tract at a corner post;

"Thence N. 30 deg. 00′ E. 346.3 feet along a fence to a corner post;

"Thence S. 60 deg. 00′ E. 115.9 feet along a fence to a corner post.

"Thence S. 30 deg. 00′ W. 346.2 feet along a fence to a corner post in the North line of a county road;

"Thence N. 60 deg. 00′ W. 116.0 feet along the North line of said county road to the place of beginning; containing 0.922 acres, more or less, as surveyed by Doak Rainey, R.P.E."

The court made findings of facts and conclusions of law as follows:

"Findings of Fact

"1. That on July 3, 1951, the defendant, as seller, and the plaintiff, as purchaser, signed an instrument in writing for the sale of certain lands therein described.

"2. That the lands contracted to be conveyed were 2.12 acres out of the James P. Wallace Survey in Travis County, Texas, and being the same land conveyed to defendants by George V. Reeves, et ux., recorded in Vol. 789, Page 241, Travis County Deed Records, and joining the H. V. Hayes property on the east; save and except the acre tract thereof on the east.

"3. That the property, a certain 0.922 acre tract, described by metes and bounds in the deed dated July 16, 1951, recorded in Vol. 1172, Pages 276–279, Travis County Deed Records, was conveyed to plaintiff by defendants.

"4. That the sales contract contains a rental agreement on the one acre tract to the east of the land conveyed, in the sum of $10.00 annually.

"5. That the demand for payment of the rental was not made upon plaintiff by defendant.

"6. That plaintiff tendered to defendant the full five (5) year rental in the sum of $50.00 by letter dated March 26, 1955.

"7. That defendant refused to accept payment of the rental and returned the bank money order to plaintiff.

"8. That the sales contract gave the plaintiff an option to purchase the acre tract on the east, being out of the 2.12 acre tract, and adjoining the 0.922 acre tract purchased by, and conveyed to plaintiff by defendant.

"9. That by a letter dated April 7, 1955, plaintiff elected to exercise his option to purchase the acre tract on the east, and made demand upon the defendant to deliver a deed.

"10. That defendant refused to deliver a deed to the acre tract.

"11. That prior to plaintiff's election to exercise the option defendant gave no written notice of revocation of the option granted in the sales contract.

"12. That prior to the election of plaintiff to exercise the option, defendant during the Christmas holidays of 1953 verbally stated to plaintiff that he did not have an option on that land any more.

"13. That the defendant wholly prepared the sales contract, and that same was duly executed by plaintiff and defendant.

"Conclusions of Law

"1. That the sales contract describes the tract out of 2.12 acres out of the James P. Wallace Survey, Travis County, Texas, by excepting therefrom the acre on the east.

"2. That the sales contract contains a valid option in favor of plaintiff for the purchase of the acre on the east.

"3. That considering the entire sales contract, such instrument furnishes within itself, and by reference to other existing writings, the means or dates by which the particular land under option may be identified with reasonable certainty.

"4. That plaintiff elected to exercise such option while such option was in force, and made demand upon defendant for specific performance prior to receiving a written revocation thereof from defendant.

"5. That defendant refused to deliver the deed in accordance with the terms and provisions of the sales contract.

"6. That the sales contract is not violative of the provisions of Art. 3995, V.A.C.S., the Statute of Frauds.

"7. That the plaintiff is ready, willing and able to pay plaintiff the $1,500.-00, the purchase price of the option tract.

"8. That plaintiff tendered the full rental price of the option tract, in the sum of $50.00.

"9. That plaintiff should therefore have his specific performance against defendant; that defendant should deliver a good and sufficient deed to the option tract to plaintiff; and that plaintiff should pay defendant the $1,500.00 purchase price thereof."

▆▆▆▆ We do not believe that the court was in error in holding that the land was sufficiently described in the contract of sale to comply with the Statute of Frauds and in holding that plaintiffs' action for specific performance was not barred by the failure to timely pay the rentals, and in holding that the parties entered into an option contract, and in entering judgment for specific performance.

The contract was prepared by appellant by typing in the wording in the blank form and put the option in for one acre tract of land on the east.

The deed to Sudduth·described the land conveyed as the west portion of a 2.12 acre tract and the option was on the acre tract joining the property being conveyed on the east.

Appellant testified that it was his intention to give appellee an option on the balance of the property he owned in the 2.12 acre tract, and considered such as an acre, whether a little over or under.

The surveyor testified that he had no difficulty in locating the acre under option by referring to the contract of sale and the recorded instruments mentioned.

In the case of Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, 309, the rule was restated as:

"The established test in determining the sufficiency, for compliance with the statute of conveyances and the statute of frauds, of the description of land in deeds and in contracts to convey land is thus stated in Wilson v. Fisher, 144 Tex. 53, 56–57, 188 S.W.2d 150, 152: 'the writing must furnish *within itself,* or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty.' [Emphasis added.]"

We do not believe that the failure of appellees to pay the annual rentals of $10.00 each to appellants operated to bar the action for specific performance. The option was not conditioned upon the payment of the annual rental, the option was for five years and the purchasers were allowed to take up their option at any time within five years by paying the seller $1500.00 in cash.

The appellees elected to exercise the option given them within the five year period and tendered the appellants the purchase price as provided in the contract, and such became a binding contract of sale. 55 Am.Jur. p. 503, Vendor and Purchaser, Sec. 32.

Over objection of appellee, appellant testified that he told appellee in December, 1953, that he didn't have any more option on that land and further that appellee had not paid the annual payments.

Prior to the exercise of the option appellee tendered appellant $50.00 as rental for five years, which was not accepted by appellant.

We believe that the parties did enter into the option contract, and the assignment that the parties only agreed to enter into an option contract was not raised in the trial of the case and such new theory may not be raised for the first time on appeal. 3–A Tex.Jur., p. 168, Sec. 136, Appeal and Error.

McGary v. First Bancredit Corp., Tex. Civ.App., 273 S.W.2d 905.

Appellants contend that the option contract, sought to be enforced in this suit, is for an acre tract, and that appellees made no effort to reform the contract, and that unless resort can be had to parol evidence to complete the description that such description is wholly insufficient and cite Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, in support thereof.

We have heretofore cited Broaddus v. Grout, by the Supreme Court, which we believe sets out the rule more completely than does the Wilson v. Fisher case, but is not in conflict therewith.

As we have stated, we believe the contract of sale does furnish in itself, or by reference to some other writing, a sufficient description of the land on which appellees claim the option.

We have read other cases cited by appellant such as Lefler v. City of Dallas, Tex. Civ.App., 177 S.W.2d 231; Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, but do not believe them to be controlling in this case under the circumstances as have been herein set out.

As stated in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W. 2d 73, 84:

"* * * if the case is tried before the court without a jury, and the court makes express findings of fact on which he bases his judgment, a reviewing court will not consider other controverted fact issues not considered by the trial court to uphold such judgment. 3 Tex.Jur. p. 1005, sec. 718, and authorities there cited. It is also the rule that an appellate court will sustain the judgment of a trial court if it is correct on any theory of law applicable to the case, * * *."

The judgment of the Trial Court is affirmed.

Affirmed.