Wayne KING, Appellant,

v.

Flay BREVARD, Appellee.

No. 11191.

Court of Civil Appeals of Texas.

Austin.

April 22, 1964.

Rehearing Denied May 6, 1964.

Snodgrass, Smith, Rose & Finley, San Angelo, for appellant.

Bedford & Underwood, Ballinger, Woodward & Johnson, Coleman, for appellee.

PHILLIPS, Justice.

This is a suit by Wayne King, appellant, against Flay Brevard, appellee, for the specific performance of an option to purchase land contained in the following lease agreement:

"LEASE AGREEMENT

"THE STATE OF TEXAS ⎫
"COUNTY OF RUNNELS ⎬

"Know all men by these presents that Flay Brevard, of Runnels County, Texas, hereinafter known as the First Party, and Wayne King, of Runnels County, Texas, hereinafter known as the Second Party, have on this date entered into the following agreement, to-wit:

"That for and in Consideration of the sum of Nine Hundred Sixty and

No/100 ($960.00) dollars, Cash in hand and Nine Hundred Sixty and No/100 ($960.00) dollars on or before December 1, 1961, agrees to lease his farm of 320 acres, situated in the Blanton Community of Runnels County, Texas, together with all improvements, for a period of Two (2) years beginning January 21, 1962, to have and to hold for his use, and he shall have full control thereof. The said Second Party is not required to purchase fire and extended coverage insurance on the improvements, but he shall be required to maintain the fences in repair as a result of any damage that may result from his usage, as well as any other improvements that he may cause to be damaged.

"It is hereby further agreed that the First Party shall not sell the place to anyone for a period of one (1) year from date herein and then the Second Party shall have an option at the agreed price of $65.00 per acre after that period. It is further agreed that not less than one fourth (¼) of the mineral right and full leasing rights shall go with the place, should it be purchased by the Second Party.

"In witness whereof, the First Party and the Second Party have hereunto affixed their signatures, in the presence of witnesses, this 14th day of September A.D., 1961, at Ballinger, Runnels County, Texas.

| "/s/ Chas. L. Shepard | /s/ Flay Brevard |
|---|---|
| Witness | First Party |
| "/s/ Zelma Shepard | /s/ Wayne King |
| Witness | Second Party" |

Brevard answered King's suit specifically alleging that the contract made the basis of the suit was unenforceable because it was in violation of the statute of frauds, Art. 3995, Vernon's Ann.Civ.St., and the rule against perpetuities, Art. 1, Sec. 26 of the Texas Constitution, Vernon's Ann.St. Brevard maintains that the rule against perpetuities has been violated in the above instrument in that the option to purchase the property is unlimited in time and is an unwarranted restriction on the alienation of the property.

Brevard filed a motion for summary judgment based on the abovementioned defenses, which motion was granted by the court. King is before this Court on appeal from the summary judgment.

We reverse the judgment of the Trial Court and remand the case for trial.

King plead that he paid Brevard the consideration due under the lease contract; that he entered into possession as a lessee of the land sought to be conveyed and that he performed all of the agreements and obligations called for in the written contract. King also plead that he exercised his option to purchase the land; that he tendered the purchase price agreed upon to Brevard, and that Brevard's attorney wrote King's attorney stating that Brevard did not care to sell the land.

It is undisputed that Brevard owns a farm of approximately 321 acres in the Blanton Community in Runnels County and that this is the only land that Brevard owns in Runnels County.

In defense of the judgment, Brevard maintains that the description of the land is insufficient to satisfy the statute of frauds; that the instrument fails to designate who is lessor in its second paragraph; that the language describing the option set out in the third paragraph of the lease fails to disclose what sort of an option King is to have or to what type of estate in land the option refers.

Two well known maxims pertaining to the construction of contracts are, one, that if a contract is susceptible of two constructions, only one of which will render the agreement valid and effective, that construction will be adopted which will render the contract valid. Mattern v. Herzog, 367 S.W.2d 312, Supreme Court. The other maxim is that if the language used in the

agreement is susceptible of two constructions, that interpretation will be adopted which renders the contract fair and reasonable, rather than a construction that will lead to unreasonable, oppressive, or ridiculous results. See 13, T.J.2d Sec. 111 and the cases there cited.

■ As pointed out by Brevard, his name does not appear in the second paragraph of the writing positively identifying him at this place as the lessor of the property; however, for the court to ignore the fact that the writing taken as a whole designates Brevard as the lessor would force a construction of the instrument both unreasonable and ridiculous. See 13 T.J.2d Sec. 113. Contracts within the statute of frauds are to be read and understood in the same manner as are other contracts. 23 A.L.R.2d 16. It has also been held that the omission of an essential word or a name will not invalidate the instrument if the omitted word or name is indicated by the context of the instrument as a whole. Eldridge v. Poirier, Tex.Civ.App., 50 S.W.2d 888, er. ref.; Beckham v. Scott, Tex.Civ.App., 142 S.W. 80; Roberts v. State, 11 Tex.App. 26.

■ The contract itself is entitled "Lease Agreement," then it specifically names the two parties to the agreement. If one is not content with the construction that Brevard is leasing the farm to King, he must construe the instrument to mean that King is leasing the farm to Brevard. Guided by the abovementioned rules of construction, the latter construction would be both unreasonable and ridiculous as the instrument recites that, "the said Second Party (King) is not required to purchase fire and extended coverage insurance on the improvements, but he shall be required to maintain the fences in repair as a result of any damage that may result from *his usage,* as well as any other improvement that *he may cause to be damaged.* (Emphasis added.) The conclusion that King was the tenant is further strengthened from the fact that the writing states "First party shall not sell the place

to anyone for a period of one (1) year from the date herein," and "it is further agreed that not less than one fourth (¼) of the mineral right and full leasing rights shall go with the place, *should it be purchased by the second party.*" (Emphasis added.) It would be unreasonable to conclude that Brevard would agree not to sell the farm if King owned it, or that King would get one fourth of the mineral rights and full leasing rights under the contract if he already owned them.

■ In addition to the construction of the wording of the contract itself, King entered into possession of the Brevard farm under the lease agreement, paid the stated consideration and performed the remaining requirements of the lease contract. Such performance on King's part in itself excepts this lease transaction from the requirements of the statute of frauds. Oak Cliff Realty Corporation v. Mauzy, Tex. Civ.App., 354 S.W.2d 693, writ. ref., n. r. e.; Medical Professional Bldg. Corporation v. Ferrell, Tex.Civ.App., 131 S.W.2d 683.

■ Brevard describes the land as "his farm of 320 acres" and the written agreement discloses further that this farm is in the Blanton Community in Runnels County, Texas. The description of the land itself is sufficient under the law as stated by the Supreme Court in Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222. Here the Court held that a memorandum writing was sufficient that described the property in question as, "my property described on the opposite side hereof," and then on the reverse side of the memorandum, "20.709 acres out of John Stephens 640 acre survey in Tarrant County, Texas." The Court stated that the settled rule in this State is that such description, by reason of the use in the memorandum or contract of such words as "my property," "my land," or "owned by me," is sufficient when shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memoran-

dum. That the stated ownership of the property is in itself a matter of description which leads to the certain identification of the property and brings the description within the terms of the rule that the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty, citing cases.

Brevard cites Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468 wherein a description of "my lake cottage" was held insufficient under the statute. This case is distinguishable from the case at bar as in the Rowson case the description did not allude to any county or State. Such is not the case here.

We further hold that the description of the land is sufficient for the purposes of the option contract. In fact, King's actual occupancy of the land in question under the same instrument in which he is given the right to purchase is even stronger identification of the land upon which the option is given.

■ As stated above, Brevard contends that the language describing the option in the third paragraph fails to disclose what option King is to have or to what type of estate in land the option refers.

The rule is stated in 51 C.J.S. Landlord and Tenant § 81, pp. 637, 638 as follows:

"Under the rules of construction applicable to contracts generally, a provision in a lease giving an option to purchase will be so construed as to effectuate the intention of the parties where it is ascertainable from the language employed by them. In construing the agreement the court should consider the situation of the parties and all the circumstances under which the contract was made, and should give effect to each and every part of the contract, construing several instruments together where necessary. An option to purchase, being inserted in

the lease for the benefit of the tenant, must be construed with that purpose in view."

The last sentence in paragraph three referred to above is as follows: "It is further agreed that not less than one fourth (¼) of the mineral right and full leasing rights shall go with the place, *should it be purchased by the second party.*" (Emphasis added.) The intention of the parties that the option was to purchase the property for the stated price is clear.

■ With respect to the mineral rights described in the option, the writing itself furnishes the essential elements, the details of which may be explained or clarified by extrinsic evidence. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

■ Brevard cites Article 1, Sec. 26 of the Texas Constitution, which outlaws perpetuities and maintains that the agreement in question violates this prohibition in that an unreasonable restraint on the alienation of the land is placed thereon. That the option granted could be exercised at a time beyond that permitted by the rule. This is in reference to that part of the agreement which states the First Party, "shall not sell the place to anyone for a period of one year from date herein and then the Second Party shall have an option at the agreed price of $65 per acre after that period."

We overrule this contention under the authority of Mattern v. Herzog, 367 S.W. 2d 312, Supreme Court. Here certain realty was devised to a number of children; however, one of the children was given an option to purchase this realty from the others for a stated price. No time limit was stated in which the option was to be exercised. Certain children who did not wish to sell their portion of the land claimed that the option provision of the will was void and within the rule against perpetuities. The Supreme Court, after stating the rule we announced above that where an instrument is equally open to two constructions,

the one will be accepted which renders it valid rather than void, held that it was intended that the option was to be exercised within a reasonable time and thus was not within the rule. The Court stated that options are generally of a limited duration and that when the wording of an option does not compel a construction that the parties intended that the time element should be unlimited, the Court will not construe an option contract to run for an indefinite time and thus destroy the validity of the option provision.

Inasmuch as this case is before us on a summary judgment, we must view all evidence in a light most favorable to King and to indulge in his favor every intendment reasonably deducible from the evidence. Herold v. City of Austin, Tex.Civ. App., 310 S.W.2d 368, writ ref., n. r. e.

The judgment of the Trial Court is reversed and remanded for trial.

Reversed and remanded.