**Flay BREVARD, Appellant,**

v.

**Wayne KING, Appellee.**

No. 11368.

Court of Civil Appeals of Texas.

Austin.

Feb. 23, 1966.

Rehearing Denied March 16, 1966.

Bedford & Underwood, E. B. Underwood, Ballinger, Woodward & Johnson, Coleman, for appellant.

Smith, Rose & Finley, Frank W. Rose, San Angelo, for appellee.

ARCHER, Chief Justice.

This is a suit by Wayne King, appellee, against Flay Brevard, appellant, for the specific performance of an option contained in a written lease agreement. Brevard answered King's suit specifically alleging that a material portion of the parties' agreement was omitted from the option provision; that such omission resulted from misrepresentation on the part of King, or in the alternative, from a mistake as to the law on the part of the person who prepared the lease contract; that such alleged option contract was not specifically enforceable because it was in violation of the Statute of Frauds; and that specific enforcement thereof would be unjust and inequitable and would cause defendant irreparable injury and harm.

This case was before this Court on appeal from a summary judgment granted Flay Brevard against the appellee, Wayne King. The prior decision appears in 378 S.W.2d 681, er. ref., n. r. e. The said summary judgment was reversed and the cause was remanded to the District Court for a trial on the merits. On remand, the case was tried before a jury on the defensive theory that the option provision in question did not express the agreement of the parties in that Brevard alleged that King should have an option to purchase " * * * should First Party (Brevard) elect to sell the farm * * *." Brevard alleged in his trial pleadings that such condition was omitted from the written contract because of misrepresentation on the part of King or by mistake. King answered alleging that if there was any mistake in the contract, it was not a mutual mistake, and that it resulted from the negligence of Brevard in failing to read the contract before he signed it, and in the alternative, King alleged that Brevard did elect to sell his farm during the lease period, and thus, in any event, King was entitled to specific performance of the contract.

The appeal is predicated on eight points assigned as error and are to the effect that the option provision is too indefinite to authorize specific performance and appellee is not entitled to specific performance because the instrument sued on is illegal, and because appellee has been guilty of short practices and unconscionable conduct; the court erred in admitting into evidence plaintiff's Exhibit No. 1, which was illegal, in refusing to admit into evidence the testimony of Charles Sheppard as to his mistake of law, that the remedy of specific performance would be unjust, and the court erred in submitting Special Issue No. 8, and finally in denying appellant the right to open and close the jury argument.

The lease agreement is set out in full in our decision in King v. Brevard, 378 S.W.2d 681, and we will only set out herein the paragraph as to an option which is as follows:

"It is hereby further agreed that the First Party shall not sell the place to any-

one for a period of one (1) year from date herein and then the Second Party shall have an option at the agreed price of $65.00 per acre after that period. It is further agreed that not less than one fourth (1/4) of the mineral right and full leasing rights shall go with the place, should it be purchased by the Second Party."

The case was submitted to the jury on Special Issues and the answers thereto are as follows:

"1. Do you find from a preponderance of the evidence that the oral agreement of the parties (King and Brevard) made just prior to the writing of the instrument in question was that King should have the option to purchase only in the event that Brevard should elect to sell the farm? Answer Yes or No.

Answer: No.

2. Do you find from a preponderance of the evidence that just prior to the time the instrument in question was written Plaintiff King represented to Defendant Brevard that Plaintiff would have such instrument prepared in such manner that Plaintiff would have the option to purchase only if Defendant elected to sell the farm? Answer Yes or No.

Answer: No.

4. Do you find from a preponderance of the evidence that just before the signing of the instrument in question King represented to Brevard that the option only obligated Brevard to sell the land if Brevard elected to do so? Answer Yes or No.

Answer: No.

6. Do you find from a preponderance of the evidence that Brevard signed the instrument in question without reading it? Answer Yes or No.

Answer: No.

7. Do you find from a preponderance of the evidence that at the time Brevard signed the instrument in question he believed that it gave King an option to purchase the farm only if Brevard should elect to sell the same? Answer Yes or No.

Answer: No.

8. Do you find from a preponderance of the evidence that after September 14, 1962, and prior to October 10, 1962, Brevard did elect to sell his farm in question for $65.00 per acre free of indebtedness? Answer Yes or No.

Answer: Yes."

The defendant filed his Motion for Judgment N.O.V. and as grounds therefor asserted the court erred in submitting the issues and that the findings are wrong and should be held for naught because the option contract is in violation of the law, and lacking in essential terms, is uncertain and indefinite; that extrinsic evidence is not admissible to establish essential elements of such contract; that there was no meeting of the minds of the parties as to the time and manner in which the option was to be exercised, the time and kind of deed to be executed, the date, the life and terms of the mineral interest to be conveyed, whether subject to any oil, gas and mineral lease, to whom the bonus, delay rentals and royalties and in what proportion to be paid; whether the price should be paid was in cash or on terms; whether the land would be conveyed subject to any other encumbrances.

The motion was overruled.

Judgment was rendered on the jury verdict that plaintiff have specific performance of the written contract, and set out a description of the land referred to in said contract and the mineral interest of an undivided ¼th of the oil, gas and other minerals in said land, and set out in detail the procedures to be followed.

The plaintiff paid Levy Lee, a lien holder the sum of $17,241.31, and paid into the registry of the court the sum of $3,648.39.

We believe that the trial court's judgment was proper and affirm it.

■ The option provision is sufficiently definite and complete in its essential elements to support the judgment for specific performance.

■■ The contract was not illegal and any mistaken opinion as to the effect of the language on the part of Charles Sheppard, the typist, was immaterial.

In our former decision in this case we held that the land in controversy was described sufficiently to satisfy the requirements of the Statute of Frauds when taken with certain extrinsic evidence of ownership by Brevard of land in the Blanton Community of Runnels County, Texas. This Court further held that the language of the option provision disclosed that the option was one to purchase the property for the stated price of $65.00 per acre.

■ With respect to the mineral rights, the option contract furnished the essential elements, the details of which could be explained by extrinsic evidence. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

In Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614, cited by appellant, to require a reversal of this case the Court held that a contract providing for payment of deferred balance of purchase price in 15 annual installments, but containing no provision with respect to the amount of the several installments and providing for 6% interest and the deferred balance but not providing when interest was payable or in what amounts was too indefinite and uncertain to authorize judgment of specific performance. The holding in this case is not controlling in the instant case in which, as stated, contained all of the essential elements.

■ Equity requires for specific enforcement of a contract that it be complete, definite and certain in all of its essential terms. Hume v. Bogle, Tex.Civ.App., 204 S.W. 673; 5 Pomeroy, Equity Jurisprudence, Section 1404 (5th ed. 1941).

■ As stated, a contract to be specifically enforced must be complete and certain; absolute certainty is not required. Wilson v. Beaty, Tex.Civ.App., 211 S.W. 524, er. ref.

"The opinion of this court quotes with approval the rule as stated in Restatement of the Law, Contracts, Par. 370, Ch. 12, p. 673, as follows:
* * *

However, a comment of the Restatement under that paragraph can be very helpful to a court in applying the rule.
* * *

'* * * The usual aids to interpretation will be availed of by the court, just as in the case of enforcement by other remedies. Expressions that at first appear incomplete or uncertain are often readily made clear and plain by aid of common usage and reasonable implications of fact. Apparent difficulties of enforcement due to uncertainty of expression may disappear in the light of courageous common sense.'" Bryant v. Clark supra; Burger v. Ray, Tex.Civ. App., 239 S.W. 257, er. dism.; 13 Tex. Jur.2d 348 (Contracts, Section 163).

■ Since the holding on the prior appeal has become the law of the case, the appellant cannot now be heard to complain of the decision with respect to the law questions there decided. Hillhouse v. Allumbaugh, Tex.Civ.App., 258 S.W.2d 826, er. ref., n. r. e.; 4 Tex.Jur.2d 698 (Appeal and Error—Civil, Section 1008). See Mattern v. Herzog, 367 S.W.2d 312, Sup.Ct., concerning options.

In 81 C.J.S. Specific Performance § 35, p. 499 it is stated:

"The court will not decree specific performance of a contract which provides for

or clearly contemplates deferred payment of part or all of the consideration, but does not specify the time of the deferred payment."

There is no indication in the contract between the parties in this case that the purchase price would be deferred or that it be paid in anything other than money. Both parties testified the intent was that cash would be paid.

The general rule is that payment of an obligation must be in money, in the absence of an express or implied obligation to accept something else than money. 44 Tex. Jur.2d 667 (Payment, Section 17).

With reference to appellant's complaint that it is not certain the land was to be purchased for $65.00 per acre, plus the assumption of the existing indebtedness against the land, or the total price from which the existing indebtedness would be paid, or if the place would be conveyed subject to any outstanding mineral lease, these matters are referred to in the instrument, and the law implies, unless otherwise stated in the agreement, that a good title shall be conveyed free from all encumbrances. 51 C.J.S. Landlord and Tenant § 81, p. 638 (Encumbrances); Burris v. Hastert, Tex.Civ.App., 191 S.W.2d 811, er. ref.

Where a lease contains an option in favor of the lessee to purchase the premises and the lessee elects to exercise the option, there arises a binding contract of sale. Giblin v. Sudduth, Tex.Civ.App., 300 S.W. 2d 330, er. ref., n. r. e.

The judgment orders the defendant to deliver to the clerk a General Warranty Deed, and provides that if such deed is not delivered that the judgment then shall have the same force and effect as such deed would have if delivered. This was a correct procedure. Robinson v. Davenport, 40 Tex. 333, 334; 52 Tex.Jur. 694 (Specific Performance, Section 148).

With further reference to the extent of the minerals to be conveyed, the agreement was for not less than 1/4th of the mineral rights, and the extrinsic evidence established that Brevard owned an undivided 3/8ths of the minerals in the land, and as a general rule a contract for sale of land which contains no reservation, covers the entire rights of the vendor. The appellee, although claiming that he was entitled to all of the interest owned by Brevard, does not appeal from the judgment of the trial court, and is willing to accept an undivided 1/4th interest in the minerals.

The obligation against the land has been discharged and the balance due Brevard is now on deposit with the clerk of the District Court, as directed by the Court. This was a proper procedure. Blaffer v. Powers, Tex.Civ.App., 169 S.W.2d 536, ref. want of merit.

The contract was not illegal and King was not guilty of any wrongdoing with respect to the acknowledgment upon said contract, and any mistaken opinion by Charles Sheppard as to the effect of the language of the contract is immaterial.

The contract was prepared in the office of R. E. White who was not in when Mr. King came, and Charles Sheppard, not an employee of White, typed the contract under the direction of King.

With respect to the acknowledgment R. E. White wrote it and signed it, and King had nothing to do with what it contained. King testified that he took the contract to the County Clerk's office to be recorded and was told that it had to be notarized before it could be recorded, and King took the contract to White who put the jurat on the contract and signed it as a Notary Public and gave the contract to King who had it recorded.

The contract was not illegal because it was prepared by a layman. Wyche

582

v. Works, Tex.Civ.App., 373 S.W.2d 558, er. ref., n. r. e.

The judgment of the trial court is affirmed.

Affirmed.