**Wayne MOORE and Wilson Smith, Appellants,**

v.

**Sam DODGE, Appellee.**

**No. 6636.**

Court of Civil Appeals of Texas, El Paso.

Oct. 26, 1977.

Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Richard E. Booth, Midland, Paul H. Dionne, Fort Stockton, for appellants.

Grambling, Mounce, Sims, Hardie, Galatzan & Harris, Michael F. Ainsa, William J. Mounce, S. Anthony Safi, El Paso, for appellee.

## OPINION

WARD, Justice.

This is a venue case controlled by Subdivision 14 of Article 1995, Tex.Rev.Civ.Stat. Ann. The Plaintiff, Sam Dodge, filed suit in Hudspeth County against three Defendants, Gladys Young Fields, Wilson Smith and Wayne Moore. Wilson Smith and Wayne Moore filed their pleas of privilege to be sued in the counties of their respective residences, Smith in Pecos County and Moore in Midland County. The Plaintiff controverted the two pleas claiming venue under Subdivision 14. After a hearing before the Court without a jury, the two pleas of privilege were overruled and both Smith and Moore appeal. We affirm.

The first four appellate points present procedural matters to be later considered. The fifth point complains of the weakness of the evidence and that it failed to defeat the pleas of privilege under Subdivision 14. Subdivision 14 provides as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

■ The facts necessary to establish venue in Hudspeth County and on which the Plaintiff had the burden of proof were: (1) that the nature of the suit concerned land as contemplated by Subdivision 14; and (2) that the land involved was located in Hudspeth County. *Piazza v. Phillips,* 153 Tex. 115, 264 S.W.2d 428 (1954); *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945). Plaintiff alleged and the evidence showed that the land is situated in Hudspeth County, a fact conceded by the Defendants. The remaining dispute involves the nature of the suit brought by the Plaintiffs and in this regard it has been settled that where venue depends upon the nature of the suit, the venue will be determined by the nature of the principal right asserted in the plaintiff's petition and the relief sought therein. *Brown v. Gulf Television Company,* 157 Tex. 607, 306 S.W.2d 706 (1957). It remains for this Court to determine the nature of the suit solely from the facts alleged in the Plaintiff's petition, the rights asserted, and the relief sought. *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774 (1955); *Edgar v. Bartek,* 507 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1974, writ dism'd). It is the ultimate or dominant purpose of the suit which determines whether or not the suit falls under Subdivision 14. *Morgan v. Box,* 449 S.W.2d 499 (Tex.Civ.App.—Dallas 1969, no writ); *Texaco, Inc. v. Gideon,* 366 S.W.2d 628 (Tex.Civ. App.—Austin 1963, no writ). The rule is also established that due to the mandatory nature of Subdivision 14, Courts have generally given this Subdivision a strict construction and have refused to apply the exception unless a suit is clearly within one or more of the four categories set out by the Subdivision. *Bennett v. Langdeau,* 362 S.W.2d 952 (Tex.1962); *Brown v. Gulf Television Company,* supra; *Smith v. Hall,* 147 Tex. 634, 219 S.W.2d 441 (1949).

■ We will now consider the Plaintiff's trial pleadings. Plaintiff alleged that on January 30, 1974, he leased from Gladys Young Fields 11,820 acres of land in Hudspeth County for a period of five years according to the terms of a written lease which was filed for record December 29, 1975, in Volume 118, Page 754, of the Deed

**596**

Records of Hudspeth County. The lease is attached to the petition as an exhibit and as a part thereof. Paragraph 9 of the lease is to the following effect:

"This lease is expressly made subject to Lessor's right to sell said property during the term of this lease in which event Lessor shall offer this property above to Lessee to purchase said property. Lessee will exercise his right to accept or reject the offer. Should Lessee accept the offer, he will have one hundred and twenty (120) days to make all the necessary arrangements for closing of this sale. The Lessor shall refund to the Lessee the prorata portion of the lease money herein receipted for, for the unexpired portion of such lease year. The date of expiring this lease if within this term will be the date the sale is closed."

Plaintiff further alleged that on January 11, 1976, Gladys Young Fields entered into a contract to sell the leased premises in addition to other real property to the Defendants, Wilson Smith and Wayne Moore, for a total consideration of $225,000.00, with $200,000.00 thereof to be in the form of a note on a 15-year plan at 7%. The Plaintiff further alleged that he was and is ready, able and willing to comply with any obligation resting upon him insofar as the sale of the land was concerned, and that had he been notified of the proposal involved, he would have exercised his preference right to purchase the same on the identical terms of sale; that thereafter on March 25, 1976, Fields sold the leased premises and other property to Smith and Moore for a recited consideration of $200,000.00, payable by ten promissory notes that are reflected by attached deeds; that Smith and Moore had acted with full knowledge of the preference right of the Plaintiff to purchase the property; that because of the deed they now claim the right, title and interest in and to the land which the Plaintiff seeks to recover and to quiet the title thereof; and that the Plaintiff's preference right to purchase the leased premises was a duly recorded right in favor of the Plaintiff which ran with the land in controversy. Plaintiff has exercised his preference right to purchase

the leased premises in accordance with the terms of the lease and alleged that he tendered into the registry of the Court the amount of the purchase price Smith and Moore paid to the Defendant Fields, and that thereby the Plaintiff had acquired an absolute vested equitable interest and title in and to the lands, prior in right and superior in equity to any right, title and interest held by Smith and Moore, whereby the Plaintiff sued for title and possession of the lands in controversy.

Plaintiff, in the alternative, alleged damages from all three Defendants in the sum in excess of $10,000.00 as well as a declaratory judgment that he was entitled to a preference right to purchase the leased premises upon the lessor's election to sell the same during the term of the lease. He alleged that upon the exercise of his preference right and the tender he acquired a vested equitable interest and title to the lands superior to that held by Smith and Moore. The prayer was for recovery of the title to the lands and possession thereof from the Defendants, Smith and Moore, for declaratory judgment praying the same relief, and in the alternative and only in the event that the Plaintiff should not be entitled to recover the land, then for damages against all three Defendants jointly.

Nowhere by the pleadings does the Plaintiff seek to compel any specific performance of the contract to convey the ranch to him by Gladys Young Fields. Such an action is not within the meaning of Subdivision 14, the cases so holding adhering to the fiction that specific performance is a personal action and not an in rem proceeding and hence not governed by the Subdivision. *Smith v. Hall,* supra; *O'Quinn v. Dunagan,* 227 S.W.2d 366 (Tex.Civ.App.—El Paso 1949, no writ). Gladys Young Fields has not been sued for specific performance. Regardless, she has not filed any plea of privilege.

What the Plaintiff has done in this case is to track the allegations and the prayer of *Mecom v. Gallagher,* 192 S.W.2d 804 (Tex.

Civ.App.—Waco 1946, writ ref'd n.r.e.). According to that decision, the Plaintiff has alleged that he has an absolute vested equitable interest in and to the lands which was and is prior in right and superior in equity to any right, title and interest acquired or held by the Defendants, Smith and Moore. That case further holds that those Defendants could be sued directly and, if at a trial on the merits the Plaintiff makes proper proof of those allegations, he will there become entitled prima facie to recover the lands sued for without the necessity of any deed of conveyance to him, and that his petition unmistakably evidences a suit for the recovery of lands and to quiet title thereto and is within the mandatory provisions of Subdivision 14. See *Woodworth v. Rogers*, 367 S.W.2d 412 (Tex.Civ.App.—San Antonio 1963, no writ); 3 Sw.L.J. 384 (1949). Neither pleadings nor proof challenge the Plaintiff's good faith in making his allegations to hold venue in Hudspeth County. The Defendants' fifth point is overruled.

At the hearing, a considerable amount of unnecessary testimony was introduced which was foreign to a Subdivision 14 hearing. Thereafter, difficulties were encountered in the preparation of the statement of facts which, after various motions and hearings before the Court, resulted in the certification of a "Partial Statement of Facts." In addition, there was a tender made by the Plaintiff to the Court occurring after the entry of the order appealed from and certain complaints are made of that. Since we have all the pleadings before us and the location of the property was established, then all material matters that pertain to the pleas of privilege hearing are fairly before us. With that, we overrule the balance of the Defendants' points on the grounds that the matters presented therein are neither material nor harmful to the appealing Defendants at this stage.

The judgment of the trial Court in overruling the two pleas of privilege is affirmed.