**Wayne MOORE et al., Appellants,**

v.

**Sam DODGE, Appellee.**

**No. 6837.**

Court of Civil Appeals of Texas,
El Paso.

June 18, 1980.
Rehearing Denied July 16, 1980.

Stubbeman, McRae, Sealy, Laughlin &
Browder, W. B. Browder, Jr., Richard E.
Booth, Al W. Schorre, Jr., Midland, C. R.
Kit Bramblett, El Paso, Miller, Miller &
Robinson, R. L. Miller, Gonzales, Paul H.
Dionne, Fort Stockton, for appellants.

Grambling, Mounce, Sims, Galatzan &
Harris, Michael F. Ainsa, S. Anthony Safi,
El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a contract construction case involving an option to purchase or right of first refusal. At issue is whether the Appellee lessor had a preference right to purchase. The trial Court, sitting without a jury, found that he did, and rendered judgment for him. We affirm.

The lease between Gladys Young Fields as lessor and Sam Dodge as lessee is for a term of five years, and covers 11,820 acres of ranch land in Hudspeth County and one rent house in Sierra Blanca, Texas. Gladys Fields sold the property, together with other property, to Wilson Smith and Wayne Moore some two years after the lease was entered into, and Dodge brought this suit against Mrs. Fields and Smith and Moore, alleging that he had a preference right to purchase in the written lease which was of record in Hudspeth County. The case has twice been before this Court—once on a venue hearing, No. 6636, "*Wayne Moore and Wilson Smith v. Sam Dodge*," 557 S.W.2d 594, and once on the merits in Cause No. 6666, "*Wilson Smith and Wayne Moore v. Sam Dodge*," opinion January 25, 1978, not reported. In that case, we reversed and remanded the judgment for Dodge on the sole question of the damage issue. Prior to the trial from which this appeal is taken, the parties entered into a stipulation agreement containing, among other things, the following:

If the Plaintiff, Sam Dodge, recovers judgment, that he has a preference right to purchase under the lease agreement . . . , he will pay to the Defendants Moore and Smith $215,000.00 in cash and have the ranch property, and the Defendants Moore and Smith will have judgment for the remainder of the property described in the deed from Gladys Young Fields to Moore and Smith of March 25, 1976. Plaintiff Dodge will have thirty (30) days to pay the $215,000.00 in cash after final judgment.

There are also provisions in the event judgment was rendered for the Defendants Smith and Moore, and the stipulation contained a paragraph providing that, between the Plaintiff Dodge and the Defendant Fields, they are agreeing to submit to the Court for its decision the construction of paragraph 9 of the lease agreement. The entire text of the stipulation was incorporated into the final judgment, in which the Court decreed that the Plaintiff, Sam Dodge, have and recover title to the property, provided that he tender to Moore and Smith the $215,000.00 prior to the expiration of thirty days.

Because of the stipulation, the only issue for determination was whether Dodge had a preference right to purchase under the lease agreement. It provided:

8.

This lease is expressly made subject to Lessor's right to sell said property during the term of this lease in which event such conveyance shall be subject to the terms of this lease and any purchaser thereof shall purchase the land subject to the terms of this lease.

9.

This lease is expressly made subject to Lessor's right to sell said property during the terms of this lease in which event Lessor shall offer this property above to Lessee to purchase said property. Lessee will exercise his right to accept or reject the offer. Should Lessee accept the offer, he will have one hundred and twenty (120) days to make all the necessary arrangements for closing of this sale. The Lessor shall refund to the Lessee the prorata portion of the lease money herein receipted for, for the unexpired portion of said lease year. . . .

In affirming the judgment of the trial Court, we have concluded that the lease contract is not ambiguous and that therefore no parol evidence is admissible in construing it; we are further of the opinion that the written instrument is sufficient in its terms; that with the aid of inferences and implications allowed by the law, it is sufficiently certain to enable the court to determine and enforce the legal obligations of the parties.

The first rule of construction of a written contract is that the intention of the parties be ascertained and given effect. In that regard, it is not the intention which the parties may have had but failed to express in the instrument, but it is the intention which, by said instrument, they did express. *Canter v. Lindsey*, 575 S.W.2d 331 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.); 19 Tex.Jur.2d *Deeds* sec. 107 at 391 and sec. 111 at 401 (1960). And, as stated by the Supreme Court in *Bendalin v. Delgado*, 406 S.W.2d 897 (Tex.1966):

'A court cannot enforce a contract unless it can determine what it is. It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that is capable of understanding.' 1 Corbin, Contracts, 2nd ed. 1963, sec. 95. Thus, to be enforceable, a contract must be sufficiently certain to enable the court to determine the legal obligations of the parties thereto. *Moore v. Dilworth*, 142 Tex. 538, 179 S.W.2d 940. It has often been said, moreover, that a contract which does not fix the price or consideration or provide an adequate way in which it can be fixed is too incomplete to be specifically enforceable. See 81 C.J.S. Specific Performance, sec. 35 and authorities there cited.

The Court then discussed decisions from other jurisdictions, holding that specific performance will not be granted unless the parties have expressly agreed upon the price, and it was noted that some of these were based on the fact that they involved the lease or sale of land, and the statute of frauds was the basis for such decisions. It was also noted that, in some instances, the failure of the parties to reach an understanding as to the price indicated that there had been no meeting of the minds; and that, in those cases, the parties evidently intended to make a binding contract, but overlooked some stipulation which cannot fairly be supplied by implication. The

Court noted that falling into that category was its decision in *Bryant v. Clark*, 163 Tex. 596, 358 S.W.2d 614, where the contract set the purchase price and down payment, but said, "payments to be agreed upon by seller and buyer." As to the case before it, the Supreme Court rendered its decision, at 900:

> Where the parties have done everything else necessary to make a binding agreement for the sale of goods or services, their failure to specify the price does not leave the contract so incomplete that it cannot be enforced. In such a case it will be presumed that a reasonable price was intended. See *United States v. Swift & Co.*, 270 U.S. 124, 46 S.Ct. 308, 70 L.Ed. 497; *Paschal v. Hart*, Tex.Civ.App., 105 S.W.2d 337 (no writ); *Burger v. Ray*, Tex.Civ.App., 239 S.W.2d 257 (wr. dis.); 1 Williston, Law of Contracts, 3rd ed. 1957, sec. 41.

The Court noted that cases in which the reasonable price has thus been implied are ordinarily suits to recover damages and involve contracts for sale of goods or rendition of services. The case before it was one for the sale of corporate stock, and the Court said: "No sound reason has been suggested, however, for applying a different rule to an agreement for the sale of corporate stock, . . ." We see no sound reason for applying a different rule to the case before us involving realty, unless it can be said that the statute of frauds prevents it.

■ The instrument before us meets the requirements of the statute of frauds, Article 26.01, Tex.Bus. & Comm.Code Ann., the requirements of which are (1) that it be in writing and (2) signed by the person to be charged with the promise or agreement, or someone lawfully authorized to sign for him. It is readily apparent that there is nothing about the statute of frauds which prevents the application of the principles announced in *Bendalin v. Delgado* on the construction of contracts. Contracts within the statute of frauds are to be read and understood in the same manner as are other contracts. *King v. Brevard*, 378 S.W.2d 681 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.), and, in *Bendalin*, the Court said:

The American Law Institute recognizes that specific performance will not be decreed unless the terms of the contract are so express that the court can determine with reasonable certainty the obligation of each party and the conditions under which performance is due, . . .

but, it also said that:

[T]he usual aids to interpretation will be availed of by the court, just as in the case of enforcement by other remedies. Expressions that first appear incomplete or uncertain are often readily made clear and plain by the aid of common usage and reasonable implications of fact. Restatement of the Law of Contracts, sec. 370 and comment c thereunder. See also Pomeroy, Specific Performance of Contracts, 3rd ed. 1926 sec. 148. We accordingly hold that the absence of an express agreement as to price in the present case is not fatal to the maintenance of an action for specific performance. . . .

■ The contract before us is not unenforceable because it does not specify price. Also, by implication, the price is set. Paragraph 9 provides that in the event a sale is to occur "Lessor shall offer this property above to Lessee to purchase said property. Lessee will exercise his right to accept or reject the offer." "The offer" to be accepted or rejected is the price intended by the parties. Also, where no time for acceptance is specified, the law implies a reasonable time. *Pace Corporation v. Jackson*, 275 S.W.2d 849 (Tex.Civ.App.—Austin 1955), modified on other grounds, 155 Tex. 179, 284 S.W.2d 340 (1955). As this case was tried, it was not a suit for specific performance but rather the existence of such right—whether there was a preference right to purchase. As indicated, we are of the opinion that the essential terms of the contract were either present or could be supplied by implication so that it is enforceable. We quote from *Lilac Variety, Inc. v. Dallas Texas Company*, 383 S.W.2d 193 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.):

Our Supreme Court has said, 'A contract includes not only what is expressly stated but also what is necessarily to be implied from the language used; and terms which may clearly be implied from a consideration of the entire contract are as much a part thereof as though plainly written on its face.' *Freeport Sulphur Co. v. American Sulphur Royalty Co. of Texas*, 117 Tex. 439, 6 S.W.2d 1039, 1042, 60 A.L.R. 890. See also *Roseborough v. Loftus*, Tex.Civ.App., 13 S.W.2d 950, 952 and *Marvin Drug Co. v. Couch*, Tex.Civ. App., 134 S.W.2d 356, 361.

The interpretation given the contract by the trial Court is correct. The judgment is affirmed.